**Linda D. MISEK–FALKOFF and Adin Falkoff, Plaintiffs,**

v.

**INTERNATIONAL BUSINESS MACHINES CORPORATION, Defendant.**

No. 89 CIV. 6269 (VLB).

United States District Court, S.D. New York.

Aug. 25, 1993.

---

See also 144 F.R.D. 48.

William D. Frumkin, Donald Sapir, White Plains, NY, for moving attorney.

William Weber, Hauppauge, NY, for plaintiffs.

M. William Munno, Michael Enright, Seward & Kissel, New York City, for defendant.

### MEMORANDUM ORDER

VINCENT L. BRODERICK, District Judge.

I

This suit, initiated in 1989, alleges handicap discrimination by an employer under the Rehabilitation Act, 29 U.S.C. §§ 701 *et seq.*, and is possibly subject to the Americans With Disabilities Act, 42 U.S.C. §§ 12101 *et seq.*

A motion to withdraw as counsel was filed by plaintiffs' attorney (the "moving attorney"). Before the motion was fully submitted, the plaintiffs retained new counsel. The moving attorney and plaintiff executed a stipulation substituting new counsel for the moving attorney, which stipulation was "so ordered" by me on August 2, 1993.

The pending motion presents questions as to procedures applicable with respect to withdrawing counsel in federal question cases where a critical point in the pretrial phase of the litigation has been reached and where federal fee-shifting statutes are involved.

The moving attorney seeks a charging lien against any proceeds arising from judgment or settlement in the action, and a retaining lien on the clients' files.[1] He also requests reconsideration of that portion of an order dated June 9, 1993 which provided that determination of his attorney's fees would be postponed until resolution of the case; he seeks a summary determination of fees and expenses on an expedited basis.

---

1. The moving attorney's motion initially requested only a charging lien; his reply affidavit characterizes the application as one for "a retaining lien and a charging lien".

I grant the moving attorney's request for reconsideration with respect to the June 9, 1993 order, and I modify that order to the extent that I refer this matter to United States Magistrate Judge Mark D. Fox for a report and recommendation as to the amount, if any, of attorney's fees and disbursements due to the moving attorney (see part V below). The matter is to be considered by Magistrate Judge Fox only after defendant's motion for summary judgment has been fully submitted.[2]

I deny the application for a retaining lien. The moving attorney is directed promptly to transfer the files in this case to plaintiffs' present counsel. I do not require that plaintiffs post a bond, for the reasons discussed in part IV below.

In light of the delay resulting from the withdrawal and substitution of counsel, plaintiffs' sur-reply with respect to the summary judgment motion is to be filed by October 22, 1993.[3]

## II

The complaint in this case was filed in September 1989 with the moving attorney as plaintiffs' counsel of record. Some six months later, plaintiffs consented to substitution as their counsel of an attorney who left the moving attorney's law firm. The second counsel was relieved as plaintiffs' counsel 13 months later by consent, and the moving attorney once again was retained by plaintiffs. He was permitted to withdraw upon my approval of the most recent stipulated substitution of counsel earlier this month.

A dispute over fees and disbursements arose between plaintiffs and their second attorney at the time she was relieved in early April 1991. I referred that controversy to a special master. The litigation at that time was in the early stages of discovery and the parties were engaged in efforts to achieve settlement of the case. On July 23, 1991 I approved a resolution of the controversy between plaintiffs and their second attorney.

Following payment of the agreed-upon sum to the second attorney, which was far less than the amount now asserted to be due by the moving attorney, the second attorney turned the file over to the moving attorney.[4] Plaintiffs' new counsel, who is also representing the plaintiffs in pending state litigation with respect to which a trial has been scheduled in early October, has indicated that materials in the federal case file are necessary to prepare for the state litigation as well as to proceed in the federal case.

In this four-year-old litigation, discovery has been completed. It involved over 33 deposition days and production of approximately 6,000 pages of documents. A summary judgment motion has been filed by the defendants and awaits only a sur-reply by plaintiffs which I have authorized. Extensive negotiations have been pursued including efforts to devise a settlement that would incorporate all outstanding litigation between the parties.

The moving attorney and the plaintiffs dispute both the nature of their fee arrangement and the amounts due. The plaintiffs oppose an early determination of fees, claiming a need to apply their time and money to the pending federal and state litigation, and they seek an extension of time to submit their sur-reply with respect to defendant's motion for summary judgment.

## III

A federal court " 'may, in its discretion, exercise ancillary jurisdiction to hear fee disputes ... between litigants and their attor-

---

2. In certain cases consistent abuse of legal counsel by a party that repeatedly fails to pay amounts due might warrant other remedial procedures, see, e.g., *Harrison Conference Serv. v. Dolce*, 806 F.Supp. 23, 27 (E.D.N.Y.1992), but the dispute over fees here does not outweigh the need to avoid delay at this stage of the litigation.

3. Plaintiffs' memorandum of law may not exceed 15 pages, pursuant to my order dated June 9, 1993.

4. The issue of whether any of the fees and disbursements now sought should include the moving attorney's initial period as counsel will be an aspect of this controversy to be determined by United States Magistrate Judge Mark D. Fox, as set forth in part V below.

neys when the dispute relates to the main action.…'" *Chesley v. Union Carbide Corp.*, 927 F.2d 60, 64 (2d Cir.1991), quoting *Cluett, Peabody & Co. v. CPC Acquisition Co.*, 863 F.2d 251, 256 (2d Cir.1988) (citations omitted); see 28 U.S.C. § 1367; *Jenkins v. Weinshienk*, 670 F.2d 915, 918 (10th Cir 1982).

Litigation between parties and their counsel may be considered peripheral in diversity and certain federal question cases. In suits arising from federal claims where a federal fee-shifting statute in involved, the matter of attorney's fees becomes part of an inextricable whole.

This case does involve a fee-shifting statute. The Rehabilitation Act provides in 29 U.S.C. § 794a that "[i]n any action or proceeding to enforce or charge a violation of a provision of this subchapter, the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs." See parallel provision in the Americans with Disabilities Act, 42 U.S.C. § 12205.

Under New York law the moving attorney would have a charging lien [5] against any recovery or settlement if the fee has not yet been paid for his services and disbursements, see *People v. Keeffe*, 50 N.Y.S.2d 149, 428 N.Y.S.2d 446, 448, 405 N.E.2d 1012, 1014 (1980), unless the magistrate judge decides that the attorney withdrew without good and sufficient cause, see *Marrero v. Christiano*, 575 F.Supp. 837, 839 (1983); *Holmes v. Y.J.A. Realty Corp. v. Goldman*, 128 A.D.2d 482, 513 N.Y.S.2d 415, 416 (1st Dep't 1987).

While in the normal case I would defer determination of the fees and disbursements due the moving attorney until the resolution of the main case to avoid injecting side issues, see, e.g., *Gale v. Stallone*, 1992 WL 73476 (S.D.N.Y. Keenan, J.), I depart from that approach here. In deciding to depart I have considered the length of time that the moving attorney has represented the plaintiffs, and the correspondingly large fee and disbursements that may be at issue.

## IV

■ A retaining lien under New York common law entitles an attorney who has rendered services or made disbursements on behalf of a client to retain, as security for payment, the client's papers and funds which are in the attorney's possession. See *Resolution Trust Corp. v. Elman*, 949 F.2d 624, 626 (2d Cir.1991), citing *People v. Keeffe*, 50 N.Y.2d 149, 428 N.Y.S.2d 446, 449, 405 N.E.2d 1012, 1015 (1985).

■ Authorizing a retaining lien in this case would entail undue delay of the litigation. Such delay would prolong the adjudication of the merits of the plaintiffs' discrimination claim, and thus I must consider the application of federal law in this federal question case, and the objectives of Fed.R.Civ.P. 1 applicable to all cases brought in federal court.

Although New York provides special circumstances under which a court may order the transfer of case files without payment or a bond, see *Jenkins v. Weinshienk*, 670 F.2d 915, 919–20 (10th Cir.1982) (citing New York case law); *Rosen v. Rosen*, 97 A.D.2d 837, 468 N.Y.S.2d 723 (2d Dep't 1983), I do not reach state law grounds in deciding on the availability *vel non* of a retaining lien.

■ The nature and extent of an attorney's lien is controlled—certainly in a federal question case, and perhaps in all cases in federal court—by federal law. *Pomerantz v. Schandler*, 704 F.2d 681, 682 (2d Cir.1983) (*per curiam*), citing *National Equipment Rental Ltd. v. Mercury Typesetting Co.*, 323 F.2d 784, 786 n. 1 (2d Cir.1963). The purposes of the relevant federal statute should prevail even if a departure from what state

---

5. Under New York Judiciary Law § 475, an attorney has a charging lien upon the client's cause of action. The statute provides in relevant part: From the commencement of an action … the attorney who appears for a party has a lien upon his client's cause of action [or] claim … which attaches to a verdict, report, determination, decision, judgment or final order in his client's favor, and the proceeds thereof in whatever hands they may come; and the lien cannot be affected by any settlement between the parties before or after judgment, final order or determination. The court upon the petition of the client or attorney may determine and enforce the lien.

law might otherwise provide is necessary, as *Resolution Trust Corp. v. Elman*, 949 F.2d 624, 627 (2d Cir.1991), makes clear. In *Elman*, the court determined that the right of a law firm to retain files where a retaining lien might be permissible under state law could be altered where "a federal statute ... superimposes a new arrangement over the state law scheme," id. at 627 (involving the Financial Institutions Reform, Recovery and Enforcement Act of 1989).

■ In fashioning remedies for disputes arising in the course of federal litigation between attorneys and their clients, a federal court may determine whether assertion of a retaining lien is "in such conflict with important principles that it must be relinquished when balanced against considerations of public policy." *Jenkins v. Weinshienk*, 670 F.2d 915, 919 (10th Cir.1982); see *Elman*, 949 F.2d at 629 (the public interest in cases arising under a given federal statute outweighs the purely private interest of the law firm).

■ Where a federal statute provides for fee-shifting, litigation invoking such a statute is intended by Congress to be for the benefit of the public as well as that of the plaintiffs; the plaintiffs function as private attorneys general. Fee-shifting inextricably interweaves fee issues with the rest of the litigation. Thus, I impose no bond requirement upon the plaintiffs. Given the amount of fees claimed to be due by the moving attorney, setting such a bond would necessitate a separate independent inquiry into the financial solvency of the plaintiffs and generate side litigation. The fundamental purposes of legislation passed by Congress should not be derailed because a party can or cannot post a bond in connection with transfer of litigation files. Controversies between parties and their attorneys should not hold federal litigation hostage. Where a fee-shifting statute is involved, there is an implicit bargain between attorneys who undertake such cases and the public. The statute provides a potential source of fees to prevailing counsel; in return counsel may not obstruct the course of the litigation. In federal question cases of this type, retention of files should rarely if ever be permitted.[6]

Furthermore the weight of the objectives of Fed.R.Civ.P. 1, sentence 2 is enhanced by the proposed amendments of 1993 which appear to be uncontroversial. The amended Rule 1 calls for the courts to construe and administer the Federal Rules of Civil Procedure to enable federal litigation to proceed without undue delay. See also Judicial Improvements Act of 1990, Pub Law 101–650, 104 Stat. 5089, enacting 28 U.S.C. § 473.[7]

### V

The problems posed by delay will be mitigated once the defendant's summary judgment motion has been fully submitted. At that time, determination of the attorney's fee issue may promote settlement because uncertainty about fees of the magnitude involved here may make settlement difficult.

Accordingly, the plaintiffs will notify the moving attorney and contact United States Magistrate Judge Mark D. Fox promptly after plaintiffs' sur-reply papers have been submitted.

---

6. If a retaining lien were to become an even moderately foreseeable possibility in federal question litigation, sophisticated litigants would insist on having their own copies of all papers to protect themselves against potential withholding of files. This would defeat the lien and at the same time increase the cost of the litigation. These concerns do not apply to retention of funds, as opposed to files, where the retention would not obstruct the course of the litigation.

7. My ruling is supported by current developments in New York law, which are particularly persuasive because the issues tend to arise more frequently in the aggregate in state courts. Most recently Chief Judge Kaye of the New York Court

of Appeals has announced significant innovations in the rules applicable to attorneys in matrimonial cases, scheduled to become effective on November 1, 1993. One new rule requires that a withdrawing attorney turn over files to the client within 30 days; the attorney may then apply to the court for a determination of the amount of the attorney's charging lien pursuant to New York Judiciary Law § 475. Proposed additions to Title 22, Official Compilation of Codes, Rules and Regulations of the State of New York, "Retaining Liens" (August 1993). This rule is aimed at expediting litigation where delay is frequently caused by collateral disputes between attorneys and their clients.

Judge Fox will make a report and recommendation to me on the following:

(1) Whether or not the moving attorney justifiably withdrew as counsel.

(2) The nature of the fee arrangement,[8] the amount, if any, due to the moving attorney and on what basis, whether *quantum meruit* or otherwise; the reasonable expectation of both parties as to whether the moving attorney's fee would be payable prior to any settlement or judgment, based on such factors as the length of time of the representation and the amount due; and understandings with respect to payment of disbursements.

(3) The issue of financial hardship with respect to the plaintiffs, who have provided preliminary information suggesting insufficient funds, and the impact of any inability to pay prior to settlement or judgment.

(4) Whether or not the proceedings before him should be sealed in order to avoid unnecessary revelation of attorney-client communications.

(5) Whether or not a Fed.R.Civ.P. 54(b) certificate would be appropriate with respect to the action to be taken by me on the magistrate judge's report and recommendation.[9]

**SO ORDERED.**

---

8. I am unable to determine the agreed-upon terms of the moving attorney's representation from the papers now before me.

9. It is contemplated that the magistrate judge's report and recommendation will permit me to reach a complete adjudication with respect to the claims of the moving attorney, thus making any separate subsequent proceeding unnecessary.