**ALLSTATE INSURANCE COMPANY, et al., Plaintiffs,**

v.

**Dipak NANDI, et al., Defendants.**

**No. 01 Civ. 5231(KMW)(RLE).**

United States District Court, S.D. New York.

Oct. 24, 2002.

Skip Short, Short & Billy, PC, Robert A. Stern, Richard Montana, II, Stern & Montana, LLP, New York City, for Plaintiffs.

Kurt E. Lundgren, La Sorsa & Beneventano, White Plains, NY, for Defendants.

Nancy Lynn Eisenstein, Ruskin, Moscou, Evans & Faltischek, PC, Uniondale, NY, for Barry L. Cohan.

Frank A. Doddato, Capetola & Doddato, LLP, Williston Park, NY, for Glen J. Pichichero.

Evan S. Schwartz, Quadrino & Schwartz, PC, Garden City, NY, for Universal Acupuncture Pain Services.

**OPINION AND ORDER**

ELLIS, United States Magistrate Judge.

**I. INTRODUCTION**

Quadrino & Schwartz, for the posting of adequate security by defendants Dipak Nandi, M.D., Anil Menhandru, Iftikhar Malik, Afsar Gul, Bellalina Acevado, Universal Acupuncture Pain Services, P.C., N and R Associates, Inc., Urban Medical Diagnostics, P.C., Sterling Medical Diagnostic, P.C., Millennium Medical Diagnostics, P.C., Allenwood Medical Services, P.C., Triborough Healthcare Management, Inc., Triborough Medical Diagnostics, P.C., Fordham Management & Consulting, Inc., Fordham Medical Pain Treatment, P.C., Plaza Management & Consulting, Inc. and Plaza Medical Pain Treatment, P.C. (collectively the "Nandi defendants") in the amount of $60,421.41, and for a hearing to determine attorney's fees and costs owing before turning over files in the above-captioned action to defendants' incoming attorney. For the following reasons, the application is **GRANTED IN PART, DENIED IN PART.**

## II. BACKGROUND

Plaintiffs filed this action on June 12, 2001, under the Racketeer Influenced and Corrupt Organizations Act ("RICO"), alleging that defendants defrauded them out of millions of dollars. The Nandi defendants retained the law firm of Quadrino & Schwartz to represent them in this action. On August 19, 2002, Quadrino & Schwartz was discharged. In spite of this upheaval, discovery has been scheduled to proceed according to pace. However, the Nandi defendants dispute the attorney's fees and costs submitted to them by Quadrino & Schwartz, and have refused to pay. In response, Quadrino & Schwartz has refused to turn over its files to incoming counsel for the Nandi defendants in this matter. On September 26, 2002, Quadrino & Schwartz filed an order to show cause, fixing both a charging and retaining lien. Initially, the Nandi defendants disputed that Quadrino & Schwartz were discharged without cause. However, on October 15, 2002, counsel for the Nandi defendants orally agreed that they would not dispute the "for cause" issue, and both parties agreed to submit to this the Court the dispute as to the amount of the security to be posted.

## III. DISCUSSION

### A. Adequate Security

■ The Second Circuit has noted, "[u]pon substitution of counsel in litigation pending before it the court ... will normally, as ancillary to its conduct of the litigation, require a lawyer claiming a lien to turn over papers subject to the lien upon the client's payment of his outstanding charges or posting of adequate security for payment." *Pomerantz v. Schandler,* 704 F.2d 681, 683 (2d Cir.1983). The purpose of posting adequate security is to "prevent[ ] the client from failing to pay fees and expenses to which the attorney is entitled." *Shoe Show, Inc. v. Launzel,* 1993 WL 150322, *1 (E.D.N.Y.1993). Both federal and New York State law recognize this principle. *See, e.g., Casper v. Lew Lieberbaum & Co.,* 1999 WL 335334, *8 (S.D.N.Y.1999). The question before this Court is what amount need be posted to constitute "adequate security."

Quadrino & Schwartz have asserted that Nandi post security for 10% greater than the disputed amount of $54,928.56, equal to $60,421.41. The Nandi defendants have asserted that because the disputed amount of attorney's fees and costs equals roughly $50,000, they should only be required to post security in the amount of $25,000, or roughly half the disputed amount. There is some support for the Nandi defendants' contention that half the amount of the disputed fee is adequate security. *See Capoccia v. Brognano,* 126 A.D.2d 323, 513 N.Y.S.2d 863, 866 (3d Dept.1987). However, "[c]ommon sense dictates that [the posting of security] intended to protect an

attorney's claim should be set at the amount reasonably at issue between the parties." *Shoe Show,* 1993 WL 150322 at *2 (citation omitted). While the Court need not pass on the merits and indeed will not decide at this time the reasonableness of Quadrino & Schwartz's bill, *see infra,* "the posting of [security] in a lesser amount would virtually ensure that [the movants] will not get paid for any fees in excess of that amount, regardless of the merits of their claim." *Id.* The Nandi defendants have made no showing that they are unable to post security in excess of $25,000. Should the Nandi defendants ultimately prevail on their claims and Quadrino & Schwartz's fees and costs are found to be excessive, they can simply recover the amount of the security posted in excess of what this Court determines to be reasonable attorney's fees and costs. Therefore, Quadrino & Schwartz is ordered to turn over all of its files in regard to this matter to the Nandi defendants' incoming counsel, and Quadrino & Schwartz's request for the posting of security in the amount of $60,421.41 is **GRANTED.**

**B. Determination of Reasonable Attorney Fees and Costs**

Quadrino & Schwartz have asserted that this Court must hold a hearing to determine the reasonableness and amount due in attorney's fees and costs. However, even the cases upon which Quadrino & Schwartz have relied recognize that this determination need not be made until the conclusion of the case. *See Casper,* 1999 WL 335334 at *7; *Shoe Show,* 1993 WL 150322 at *2. By requiring the posting of adequate security, this Court has already secured Quadrino & Schwartz's interests until a hearing is held at the conclusion of the case. Therefore, Quadrino & Schwartz's request for an immediate hearing is **DENIED.**

## IV. CONCLUSION

For the foregoing reasons, Quadrino & Schwartz's application for the posting of adequate security and request for a hearing to determine attorney's fees and costs is **GRANTED IN PART, DENIED IN PART.**