ALLSTATE INSURANCE COMPANY, et al., Plaintiffs,

v.

Dipak NANDI, et al., Defendants.

No. 01CIV 5231(KMW) (RLE).

United States District Court, S.D. New York.

Nov. 8, 2002.

**516**

Skip Short, Short & Billy, PC, Robert A. Stern, Richard Montana, II, Stern & Montana, LLP, New York City, for Allstate Insurance Company, National–Ben Franklin Insurance Company of Illinois, The Continental Insurance Company, Firemen's Insurance Company of Newark, NJ, Buckeye Union Insurance Company, Glens Falls Insurance Co., Boston Old Colony Insurance Co., Progressive Northeastern Insurance Company, Progressive Northwestern, Progressive Northern Insurance Company.

Kurt E. Lundgren, La Sorsa & Beneventano, White Plains, NY, for Dipak Nandi, Afsar Gul, Iftikhar Malik, Anil Mehandru, Bellalinda Acevedo, Fordham Medical Pain Treatment, PC, Plaza Medical & Pain Treatment, PC, Fordham Management & Consulting, Inc., Plaza Medical Management & Consulting, Inc., Triborough Healthcare Management, Inc., N and R Associates Inc., Universal Acupuncture Pain Services, PC, Urban Medical Diagnostics, PC, Triborough Medical Diagnostics, PC, Sterling Medical Diagnostics, PC, Millenium Medical Diagnostics, PC, Allenwood Medical Services, PC, Defendants.

Nancy Lynn Eisentein, Ruskin, Moscou, Evans & Faltischek, PC, Uniondale, NY, for Barry L. Cohan, DDS, Defendant.

Frank A. Doddato, Capetola & Doddato, Esq.'s, LLP, Williston Park, NY, for Glen J. Pichichero, DDS, Defendant.

Evan S. Schwartz, Quadrino & Schwartz, PC, Gareden City, NY, for Universal Acupuncture Pain Services, PC, Counter–Claimant.

Kurt E. Lundgren, La Sorsa & Beneventano, White Plains, NY, for Universal Acupuncture Pain Services, PC, Millenium Medical Diaagnostics, PC, Urban Medical Diagnostics, PC, Counter–Claimants.

Skip Short, Short & Billy, PC, Robert A. Stern, Richard Montana, II, Stern & Montana, LLP, New York City, for Allstate Insurance Company, Counter–Defendant.

Kurt E. Lungren, La Sorsa & Benevetano, White Plains, NY, for Urban Medical Diagnostics, PC, Counter–Defendant.

**OPINION AND ORDER**

ELLIS, United States Magistrate Judge.

### I. INTRODUCTION

Before this Court is an application by Quadrino & Schwartz ("Q & S") for reconsideration of the part of this Court's opinion, dated October 24, 2002, denying Q & S's application for an immediate hearing to determine attorney's fees owed by defendants Dipak Nandi, M.D., Anil Menhandru, Iftikhar Malik, Afsar Gul, Bellalina Acevado, Universal Acupuncture Pain Services, P.C., N and R Associates, Inc., Urban Medical Diagnostics, P.C., Sterling Medical Diagnostic, P.C., Millennium Medical Diagnostics, P.C., Allenwood Medical Services, P.C., Triborough Healthcare Management, Inc., Triborough Medical Diagnostics, P.C., Fordham Management & Consulting, Inc., Fordham Medical Pain

Treatment, P.C., Plaza Management & Consulting, Inc. and Plaza Medical Pain Treatment, P.C. (collectively the "Nandi defendants"). The Court, instead, deferred deciding attorney's fees until the conclusion of the underlying litigation, but ordered the Nandi defendants to post adequate security to insure Q & S's interest in its charging lient. For the following reasons, the application is **DENIED**.

## II. BACKGROUND

The facts of this action have been set forth in *Allstate v. Nandi*, 228 F.Supp.2d 445 (S.D.N.Y.2002). For purposes of this motion, it is important to note that by oral order of this Court on September 23, 2002, the security previously ordered was to secure Q & S's charging lien against the Nandi defendant's. The Court declined to grant Q & S a retaining lien, and instead ordered the Nandi defendants to post security. Finally, the security in the full amount has been posted as of the time of this opinion.

## III. DISCUSSION

██ As the Second Circuit has repeatedly held, "the decision whether to fix fees due a withdrawing attorney lies within the discretion of the district court." *Pay Television of Greater New York v. Sheridan*, 766 F.2d 92, 94 (2d Cir.1985). Furthermore, "in setting fees, the district court is exercising ancillary jurisdiction." *Id.* In this case, the Court exercised its discretion in deciding that Q & S was entitled to a charging lien in this case, and required the posting of adequate security to secure Q & S's interests. *See Allstate*, 228 F.Supp.2d at 446. However, the charging lien itself goes "against any recovery or settlement if the fee has not yet been paid for [ ] services or disbursements." *Misek–Falkoff v. International Business Machines Corporation*, 829 F.Supp. 660, 663 (S.D.N.Y.1993). Therefore, "the attor-

ney's lien attaches to the fund ultimately recovered as a result of the litigation." *Chesley v. Union Carbide Corporation*, 927 F.2d 60, 67 (2d Cir.1991). Finally, as previously noted by this Court, "[t]he posting of adequate security is to prevent the client from failing to pay fees and expenses to which the attorney is entitled." *Allstate*, 228 F.Supp.2d at 446. Although Q & S points to cases where courts have exercised their discretion and decided the amount of attorney's fees before the conclusion of the underlying litigation, courts have also exercised their discretion and decided the amount of attorney's fees at "the resolution of the main case to avoid interjecting side issues." *Misek–Falkoff*, 829 F.Supp. at 663. In this case, the Court finds that a delayed determination is appropriate so that the underlying litigation may proceed, and because the posted security adequately protects Q & S's interests.

██ Finally, Q & S notes in their moving papers that "the Court erroneously cited two cases cited by Q & S as authority for a different proposition, to wit: that security in the full amount in dispute should be posted by Nandi." Q & S went on to note that the Court properly cited *Casper v. Lew Lieberbaum & Co., Inc.*, 1999 WL 335334 (S.D.N.Y.1999), and *Shoe Show, Inc. v. Launzel*, 1993 WL 150322 (E.D.N.Y.1993), for the proposition that the Nandi defendants post security in the desired amount, but shouldn't have relied on those cases to support the Court's decision to decide the fee dispute at the resolution of the case. It seems disingenuous for Q & S to assert that the Court should rely on cases cited only for propositions that support it, but disregard those portions of the same case which may work to its detriment. Furthermore, Q & S asserts that in *Casper*, this Court decided to defer deciding attorney's fees until the end

of the litigation because the case involved a contingency matter. However, Q & S's interpretation of this Court's opinion is erroneous. In *Casper*, this Court decided to defer the decision to determine attorney's fees until the end of the litigation not because of the contingency fee arrangement, but because, like this case, the matter involved a charging lien. *See Casper*, 1999 WL 335334 at *6. This determination was based on the fact that charging lien issues are often better decided at the end of the case when all relevant factors can be considered. *Id.* at *7. The Court stands by its reasoning in *Casper*, and Q & S's application to reconsider is **DENIED**.

## IV. CONCLUSION

For the foregoing reasons, Q & S's application for reconsideration is **DENIED**.