■ JOSEPH CULLEN, Individually and as Natural Guardian of KEVIN CULLEN, an Infant, Respondent, v OLINS LEASING, INC., et al., Respondents, and BOWER & GARDNER, Appellant. — Order, Supreme Court, New York County (Fingerhood, J.), entered on May 13, 1982, which granted renewal and, upon such renewal, adhered to the court's prior determination denying defendants' attorneys' motion to withdraw as counsel, is modified, on the law and in the exercise of discretion, without costs and disbursements, and the motion to withdraw is granted In April of 1972, defendant-respondent Jeanne Florsheim leased a car from defendant Olins Leasing, Inc., for a term of six months. According to the

lease agreement, Olins was to furnish liability insurance for the vehicle. The coverage was underwritten by Reserve Insurance Company, a foreign insurer not authorized to do business in New York State. As proof of its financial responsibility, Reserve filed a $10,000 bond, provided by Seaboard Surety Company, with the Commissioner of Motor Vehicles. On October 23, 1972, Florsheim, while operating the automobile in question, was involved in an accident in which Kevin Cullen, an infant, was injured. As a result of this incident, Joseph Cullen, as natural guardian of Kevin Cullen, subsequently commenced the instant action against Florsheim and Olins, seeking damages in the amount of $600,000. Appellant law firm, Bower & Gardner, was ultimately retained by Reserve to represent its insureds, Florsheim and Olins, in place of Goldman & Goldman which had originally appeared on behalf of the defendants. On September 14, 1976, Olins was adjudicated a bankrupt. Then by an order entered on May 29, 1979 in the Circuit Court of Cook County, Illinois, Reserve was found insolvent and placed in liquidation. The Supreme Court, New York County, pursuant to an order entered on July 30, 1979, enjoined for an initial period of 90 days all parties, including plaintiff herein, from prosecuting any actions defended by Bower & Gardner and involving Reserve insureds. The purpose of the stay was to enable Reserve's insureds to make appropriate arrangements for their continued legal representation. In that regard, Bower & Gardner contacted Florsheim to advise her that she could either retain substituted counsel or use their firm if she agreed to pay its fee. The defendant, however, declined to pursue either option, apparently insisting that Bower & Gardner continue to represent her without fee. Thereupon, Bower & Gardner moved in January of 1980 for permission to withdraw as Florsheim's attorneys. In an order entered on January 7, 1981, the court denied the motion with leave to renew on the ground that: "The financial failure of both the carrier and its insured appear to have left defendant Florsheim in a vulnerable position. A more detailed factual showing is required if the relief sought is to be granted, including the history of the litigation and the reasons for its lengthy pendency, copies of the insurance and car rental agreements together with information concerning the insolvency proceedings and the claims filed therein on behalf of the insureds and the attorneys representing them, and defendants' rights to representation and coverage under the circumstances." On October 28, 1981, Bower & Gardner renewed its request for leave to withdraw. It is the court's denial of that motion which is the subject of the present appeal. Under the facts of this case, it was error for the court to disallow Bower & Gardner to withdraw. Although the court, in its decision, relied on various provisions of the Code of Professional Responsibility, DR 2-110 (C) (1) (f) clearly authorizes permissive withdrawal when the client: "Deliberately disregards an agreement or obligation to the lawyer as to expenses or fees." Here, Bower & Gardner gave Florsheim an opportunity to maintain the firm as its counsel, which she failed to take. As this court has previously held in a situation almost identical to the one at issue: "The insurer was placed in liquidation by competent authority of another State and movants were discharged as counsel by that same authority. In these circumstances, counsel could not be compelled to continue." (*Farkash v Williamsbridge Manor Nursing Home,* 34 AD2d 908.) Concur — Silverman, Bloom and Milonas, JJ.

Sandler, J. P., and Kassal, J., dissent in a memorandum by Kassal, J., as follows: I dissent and would affirm, without prejudice to renewal of the application to withdraw upon a full and sufficient record, including an appropriate showing to establish whether or not there was adequate provision in the Illinois liquidation proceeding affording necessary funds for legal representation to be furnished to an insured in the position of respondent Florsheim in

this case. Special Term so concluded on the original motion, denying the application with leave to renew upon submission, *inter alia,* of "information concerning the insolvency proceedings and the claims filed therein on behalf of the insureds and the attorneys representing them, and defendants' rights to representation and coverage under the circumstances." The supporting motion papers on the motion to renew were not at all probative as to whether or not any provision had been made in the liquidation proceeding for the continued defense of pending actions, other than the conclusory assertion by counsel to that effect. For example, on this record it cannot be ascertained whether or not the Circuit Court of Cook County, Illinois, in connection with the liquidation of Reserve Insurance Company, established a guarantee fund or whether provision was made for legal representation to be provided to an insured. Neither does the present record reflect the extent to which Bower & Gardner had been compensated by the insurer at the inception of the litigation, when they were retained to defend the insured, and the scope of such representation. This would appear to me to be a relevant factor and permissible inquiry, taking cognizance of the fact, as has been often recognized, that the liability insurance at issue here is actually "litigation insurance," which carries with it a broad, underlying duty to defend *(International Paper Co. v Continental Cas. Co.,* 35 NY2d 322, 326). The insured, having paid a premium for such legal representation, either directly or indirectly, is entitled to protection, subject to the direction of the Illinois court. This should not be left to conjecture.