■ WILLIE M. HOLMES, Respondent, v Y.J.A. REALTY CORP. et al., Respondents, and DONALD J. GOLDMAN, Appellant.— Order, Supreme Court, Bronx County (Jack Turret, J.), entered June 17, 1986, which denied the motion of appellant Donald J. Goldman, Esq., to be relieved as counsel for defendants, unanimously reversed, on the law and the facts, and appellant's motion to withdraw is granted, without costs.

Plaintiff brought this action to recover damages for personal injuries allegedly sustained when she slipped and fell on a defective step at an apartment building owned by defendants. Since defendants maintained no liability insurance coverage, they independently retained Goldman to undertake their defense. Defendant Y.J.A. Realty Corp. (Y.J.A.) is the landlord of the premises where plaintiff allegedly sustained her injuries. Defendant Yori Abrahams is the sole shareholder, officer and director of the corporation.

It appears that a written retainer agreement was executed by Abrahams on behalf of himself and Y.J.A. when Goldman

was hired by them. This retainer agreement provided that Goldman's legal fees would be billed periodically at the rate of $125 per hour for law office activity and $400 per day for each court appearance. The record contains Goldman's detailed itemized bill dated October 16, 1985 for his legal services showing a balance due from these clients of $2,275.30 after crediting a payment on account of $3,500. Goldman averred that although a demand for payment of this bill had been made by him upon defendants for a period of over five months prior to his application to be relieved, defendants not only refused to make any payment (despite their financial ability to do so), but also that defendant Abrahams had verbally berated and abused him by accusations of disloyalty and conflict of interest. Although properly served, defendants have put none of these contentions in issue, since they have interposed no opposition to this application either before Special Term or in this court. Nor has the plaintiff raised any objection thereto.

In its brief memorandum denying the application, Special Term correctly observed that once representation of a client in litigation has commenced, counsel's right to withdraw is not absolute. Here, however, that is the beginning and not the end of the inquiry. DR 2-110 (C) (1) (d) of the Code of Professional Responsibility states that an attorney's withdrawal from employment is permissible where a client "renders it unreasonably difficult for the lawyer to carry out his employment effectively." DR 2-110 (C) (1) (f) provides for like relief where a client "[d]eliberately disregards an agreement or obligations to the lawyer as to expenses or fees." Where a client repudiates a reasonable fee arrangement there is no obligation on the part of counsel to finance the litigation or render gratuitous services (Cullen v Olins Leasing, 91 AD2d 537; Farkash v Williamsbridge Manor Nursing Home, 34 AD2d 908). This application was supported by a detailed statement of legal services rendered which is an appropriate consideration on an application of this kind (see, Weiner Corp. v Davis Corp., 113 Misc 2d 263). We note further that although the litigation has been pending for three years, no note of issue has yet been filed. Thus, defendants will have ample time to retain new counsel if they be so advised. Nor will plaintiff be visibly prejudiced by any delay in trial attributable to this withdrawal. Although defendants attempted to evade service on this application (requiring the issuance of a second order to show cause directed to a new address) we do not find this circumstance to rise to the level of prejudice to

plaintiff. Since defendants have appeared in the action through an authorized attorney, subsequent papers in the action may be served by plaintiff pursuant to CPLR 2103 (c). Concur—Kupferman, J. P., Sullivan, Carro and Wallach, JJ.