■ STEPHEN ELDRIDGE REALTY CORP., Plaintiff, v MITCHELL GREEN, Respondent, et al., Defendant, and FISCHBEIN BADILLO, Nonparty Appellant.—In an action to recover a brokerage commission, the nonparty Fischbein Badillo appeals from so much of an order of the Supreme Court, Westchester County (Facelle, J.), entered January 9, 1990, as denied its motion for leave to withdraw as counsel for the defendant Mitchell Green.

Ordered that the order is reversed insofar as appealed from, as a matter of discretion, without costs or disbursements, and the motion is granted; and it is further,

Ordered that the appellant shall serve upon the defendant Mitchell Green a copy of this decision and order, with notice of entry, by certified mail, return receipt requested, and by ordinary mail with postal proof of mailing, and shall also serve a copy of this decision and order, with notice of entry, upon the attorney for the plaintiff and the attorneys for the defendant Susan H. Levine; upon the filing of proof of such service with the Clerk of the Supreme Court, Westchester County, where the action is pending, the appellant shall be relieved as counsel for the defendant Mitchell Green; and it is further,

Ordered that all proceedings in this action are stayed until 90 days after such service is completed, and the defendant Green, if he be so advised, may retain new counsel within the 90-day period.

This is an action to recover a brokerage commission allegedly earned by the plaintiff in connection with the sale of a cooperative apartment owned by the defendant Mitchell Green. Green retained the nonparty appellant law firm of Fischbein Badillo to undertake his defense. The appellant claimed that despite repeated demands upon Green for payment of legal fees incurred in performing services in his defense, Green made no payments and, indeed, did not respond in any manner to the appellant's communications. The appellant then notified Green that unless payment of the legal fees was forthcoming it would be forced to make a motion to be relieved. Green made no response. The appellant, therefore, made an application to withdraw as Green's counsel. Although the order to show cause bringing on the withdrawal motion mandated personal service upon Green, neither he nor the plaintiff interposed any opposition to the motion. Nevertheless, the Supreme Court denied the motion.

It is well-settled that in civil cases an attorney will be permitted to withdraw where a client refuses to pay his or her reasonable fees (see, Holmes v Y.J.A. Realty Corp., 128 AD2d 482, 483; Code of Professional Responsibility DR 2-110 [C] [1] [f]). "Where a client repudiates a reasonable fee arrangement there is no obligation on the part of counsel to finance the litigation or render gratuitous services" (Holmes v Y.J.A. Realty Corp., supra, at 483). Furthermore, DR 2-110 (C) (1) (d) of the Code of Professional Responsibility provides that an

attorney's withdrawal from representation is permitted where a client's conduct "renders it unreasonably difficult for the lawyer to carry out employment effectively".

Guided by these principles, we conclude that the Supreme Court's denial of the appellant's motion to withdraw was an improvident exercise of discretion (see, Holmes v Y.J.A. Realty Corp., supra; Cullen v Olins Leasing, 91 AD2d 537; cf., Dordal v Laces Roller Corp., 143 AD2d 727). Green was given every opportunity to either pay the appellant's legal fees or to present a reasonable excuse for his failure to do so. Green's lack of opposition to the application before the Supreme Court or on this appeal leads us to conclude that he had no reasonable excuse for his failure to pay and he will suffer no prejudice by the motion being granted. In any event, the 90-day stay of proceedings directed by this decision and order will provide Green with ample opportunity to retain new counsel. Thompson, J. P., Bracken, Eiber and Rosenblatt, JJ., concur.