■ MICHAEL CANTINERI, Respondent, v FREDERIC CARRERE, Doing Business as HOMEWORKS BUILDERS, Defendant. CELLINO & BARNES, P.C., Appellant. [964 NYS2d 439]—

Appeal from an order of the Supreme Court, Steuben County

(Thomas M. Van Strydonck, J.), entered April 8, 2011. The order denied the motion of Cellino & Barnes, P.C., to withdraw as counsel for plaintiff.

It is hereby ordered that the order so appealed from is unanimously reversed in the exercise of discretion without costs and the motion to withdraw as counsel is granted, upon condition that appellant shall serve upon plaintiff and the attorney for defendant a copy of the order of this Court with notice of entry, and upon condition that appellant shall file proof of service with the Clerk of Supreme Court, Steuben County, where the action is pending, whereupon all proceedings in this action shall be stayed for 90 days to permit plaintiff to retain new counsel.

Memorandum: Supreme Court improvidently exercised its discretion in denying appellant's motion to withdraw as plaintiff's counsel (*see generally Kay v Kay*, 245 AD2d 549, 550 [1997]; *Stephen Eldridge Realty Corp. v Green*, 174 AD2d 564, 566 [1991]). Pursuant to rule 1.16 (c) (7) of the Rules of Professional Conduct (22 NYCRR 1200.0), "a lawyer may withdraw from representing a client when . . . the client fails to cooperate in the representation or otherwise renders the representation unreasonably difficult for the lawyer to carry out employment effectively." Additionally, "[a]n attorney may withdraw as counsel of record only upon a showing of good and sufficient cause and upon reasonable notice to the client" (*Matter of Williams v Lewis*, 258 AD2d 974, 974 [1999]). Under the specific facts and circumstances of this case, we conclude that plaintiff's conduct rendered appellant's representation of him unreasonably difficult and thus good and sufficient cause exists for appellant to withdraw from that representation. We therefore grant appellant's motion to withdraw as counsel and we stay the proceedings for 90 days to provide plaintiff "with ample opportunity to retain new counsel" (*Stephen Eldridge Realty Corp.*, 174 AD2d at 566). Present—Smith, J.P., Peradotto, Lindley, Valentino and Whalen, JJ.