# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**354**

**CA 12-00655**

PRESENT: SMITH, J.P., PERADOTTO, LINDLEY, VALENTINO, AND WHALEN, JJ.

---

MICHAEL CANTINERI, PLAINTIFF-RESPONDENT,

V                                                      MEMORANDUM AND ORDER

FREDERIC CARRERE, DOING BUSINESS AS HOMEWORKS
BUILDERS, DEFENDANT.
-----------------------------------------------
CELLINO & BARNES, P.C., APPELLANT.

---

CELLINO & BARNES, P.C., ROCHESTER (NICHOLAS DAVIS OF COUNSEL), FOR
APPELLANT.

-----------------------------------------------------------------------------------------------

Appeal from an order of the Supreme Court, Steuben County (Thomas
M. Van Strydonck, J.), entered April 8, 2011. The order denied the
motion of Cellino & Barnes, P.C., to withdraw as counsel for
plaintiff.

It is hereby ORDERED that the order so appealed from is
unanimously reversed in the exercise of discretion without costs and
the motion to withdraw as counsel is granted, upon condition that
appellant shall serve upon plaintiff and the attorney for defendant a
copy of the order of this Court with notice of entry, and upon
condition that appellant shall file proof of service with the Clerk of
Supreme Court, Steuben County, where the action is pending, whereupon
all proceedings in this action shall be stayed for 90 days to permit
plaintiff to retain new counsel.

Memorandum: Supreme Court improvidently exercised its discretion
in denying appellant's motion to withdraw as plaintiff's counsel (*see
generally Kay v Kay*, 245 AD2d 549, 550; *Stephen Eldridge Realty Corp.
v Green*, 174 AD2d 564, 566). Pursuant to rule 1.16 (c) (7) of the
Rules of Professional Conduct (22 NYCRR 1200.0), "a lawyer may
withdraw from representing a client when . . . the client fails to
cooperate in the representation or otherwise renders the
representation unreasonably difficult for the lawyer to carry out
employment effectively." Additionally, "[a]n attorney may withdraw as
counsel of record only upon a showing of good and sufficient cause and
upon reasonable notice to the client" (*Matter of William v Lewis*, 258
AD2d 974, 974). Under the specific facts and circumstances of this
case, we conclude that plaintiff's conduct rendered appellant's
representation of him unreasonably difficult and thus good and
sufficient cause exists for appellant to withdraw from that
representation. We therefore grant appellant's motion to withdraw as
counsel and we stay the proceedings for 90 days to provide plaintiff

"with ample opportunity to retain new counsel" (*Stephen Eldridge Realty Corp.*, 174 AD2d at 565).

Entered:  May 3, 2013                              Frances E. Cafarell
                                                   Clerk of the Court