■ PAULA CHARNOW, Respondent, v HOWARD CHARNOW, Defendant. McCARTHY FINGAR LLP, Nonparty Appellant. [22 NYS3d 126]—

Appeal from an order of the Supreme Court, Westchester County (Francis A. Nicolai, J.), entered April 14, 2014. The order denied the motion of the nonparty McCarthy Fingar LLP to enforce a charging lien pursuant to Judiciary Law § 475 in the sum of $150,000 against the plaintiff's share of the net proceeds from the sale of the marital residence.

Ordered that the order is affirmed, with costs.

The nonparty McCarthy Fingar LLP (hereinafter McCarthy Fingar) represented the plaintiff during divorce proceedings that were eventually resolved by a stipulation of settlement and subsequent judgment of divorce. Pursuant to the terms of the settlement and the judgment, the defendant was to pay $150,000 directly to McCarthy Fingar to cover the plaintiff's legal fees. When the defendant failed to make the payments, McCarthy Fingar moved to enforce a charging lien against the plaintiff's one-half share of the net proceeds from the future

sale of the marital residence. The Supreme Court denied the motion on the ground that under the terms of the settlement agreement, McCarthy Fingar's sole recourse was to look to the defendant for payment. We affirm, but for a different reason.

"A charging lien is a security interest in the favorable result of litigation, giving the attorney equitable ownership interest in the client's cause of action and ensuring that the attorney can collect his fee from the fund he has created for that purpose on behalf of the client" (*Chadbourne & Parke, LLP v AB Recur Finans*, 18 AD3d 222, 223 [2005] [citation omitted]; *see* Judiciary Law § 475). In a matrimonial action, a charging lien will be available "to the extent that an equitable distribution award reflects the creation of a new fund by an attorney greater than the value of the interests already held by the client" (*Moody v Sorokina*, 50 AD3d 1522, 1523 [2008] [internal quotation marks omitted]). However, "[w]here the attorney's services do not create any proceeds, but consist solely of defending a title or interest already held by the client, there is no lien on that title or interest" (*Theroux v Theroux*, 145 AD2d 625, 627-628 [1988]).

In this case, the plaintiff and the defendant already owned the marital residence jointly as tenants by the entirety. Thus, the parties' settlement agreement merely permitted the plaintiff to retain her existing interest in the marital residence. "Although the nature of the property was converted from realty into dollars, her interest remained the same. Thus, no equitable distribution fund to which a charging lien can attach was created by the efforts of the [plaintiff's] attorney" (*id.* at 628; *see Matter of Golden v Whittemore*, 125 AD2d 942 [1986]). Rivera, J.P., Chambers, Sgroi and LaSalle, JJ., concur.