## Fields v Baker & Hostetler LLP

2024 NY Slip Op 31949(U)

June 4, 2024

Supreme Court, New York County

Docket Number: Index No. 160978/2019

Judge: Robert R. Reed

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK:  COMMERCIAL DIVISION PART 43

---------------------------------------------------------------------------X

RICHARD FIELDS, JACKSON LAND AND CATTLE, LLC, JLC RANCH DEVELOPMENT, LLC, and JLC RANCH, LLC

                            Plaintiffs,

            - v -

BAKER & HOSTETLER LLP, LAURENCE MARKOWITZ, and RAYMOND SUTTON,

                         Defendants.

---------------------------------------------------------------------------X

| | |
|---|---|
| INDEX NO. | 160978/2019 |
| MOTION DATE | 05/06/2024 |
| MOTION SEQ. NO. | 003 |

**DECISION + ORDER ON MOTION**

**HON. ROBERT R. REED:**

The following e-filed documents, listed by NYSCEF document number (Motion 002) 63, 64, 65, 66, 67, 68

were read on this motion for            ATTORNEY - WITHDRAW

In motion sequence 003, law firm Storch Byrne LLP (Storch Byrne), counsel for plaintiffs, moves pursuant to CPLR §321 (b) (2) and Rules of Professional Conduct (22 NYCRR 1200.0) rule 1.16, for an order granting leave to withdraw as counsel.

Steven G. Storch, Esq., a member of Storch Byrne, submits an affirmation dated May 6, 2024. Counselor Storch affirms, under penalty of perjury, that Storch Byrne seeks to withdraw as counsel for plaintiffs, Richard Fields, Jackson Land and Cattle, LLC, JLC Ranch Development, LLC and JLC Ranch, LLC, because of their "failure to pay fees and expenses in accordance with the agreement between the [f]irm and [p]laintiffs" (NYSCEF doc. no. 71, para 2). Mr. Storch further affirms that, as a "small law office," Storch Byrne is "not in a position to advance expenses in this matter or divert lawyers from other work which generates firm revenue, to this

160978/2019   FIELDS, RICHARD vs. BAKER & HOSTETLER LLP
Motion No.  003

Page 1 of 4

[* 1]

matter for which [it is] not being paid and which involves substantially voluminous discovery and will require multiple depositions, throughout the United States" (*id.* at para 5).

Storch Byrne also requests that this court stay all proceedings in this action for sixty days to allow plaintiffs time to retain new counsel. The motion is unopposed.

CPLR 321 (b) (2) provides:

"[a]n attorney of record may withdraw or be changed by order of the court in which the action is pending, upon motion on such notice to the client of the withdrawing attorney, to the attorneys of all other parties in the action or, if a party appears without an attorney, to the party, and to any other person, as the court may direct."

If an attorney deems it necessary to end the attorney-client relationship without the consent of the client, the attorney may move on such notice as may be directed by the court, to be relieved as counsel by court order (*Farage v Ehrenberg*, 124 AD3d 159 [2nd Dept 2014]). "The decision to grant or deny permission for counsel to withdraw lies within the discretion of the trial court, and the court's decision should not be overturned absent a showing of an improvident exercise of discretion" (*Applebaum v Einstein*, 163 AD3d 905, 907 [2nd Dept 2018]).

Here, Storch Byrne submitted sufficient evidence, by way of attorney affirmation, of plaintiffs' failure to pay legal fees pursuant to their engagement letters (NYSCEF doc. no. 71, para 2). A party's failure to pay legal fees is sufficient grounds to grant leave to withdraw (*see Weiss v Spitzer*, 46 AD3d 675 [2d Dept 2007] [an attorney may be permitted to withdraw from employment where a client refuses to pay reasonable legal fees]; *see also Holmes v Y.J.A. Realty Corp.*, 128 AD2d 482 [1st Dept 1987]). Indeed, "there is no obligation on the part of counsel to finance the litigation or render gratuitous services" (*Holmes* at 483).

Accordingly, it is hereby

160978/2019   FIELDS, RICHARD vs. BAKER & HOSTETLER LLP
Motion No. 003

Page 2 of 4

**ORDERED** that the motion seq. no. 003 of Steven G. Storch, Esq. and Storch Byrne LLP to be relieved as counsel for plaintiffs is granted without opposition upon filing of proof of compliance with the following conditions; and it is further

**ORDERED** that, within 10 days from entry, said attorney shall serve a copy of this order with notice of entry upon the former clients at their last known addresses by certified mail, return receipt requested, and upon the attorneys for all other parties appearing herein by posting to the New York State Courts Electronic Filing System; and it is further

**ORDERED** that, together with the copy of this order with notice of entry served upon the former clients, moving counsel shall forward a notice directing the former clients to appoint a substitute attorney within 30 days from the date of the mailing of the notice and the client shall comply therewith, except that, in the event plaintiff Richard Fields intends instead to represent himself, he shall notify the Clerk of Part 43 of this decision in writing within said 30-day period; and it is further

**ORDERED** that any new attorney retained by the plaintiffs shall file a notice of appearance with the Clerk of the General Clerk's Office (60 Centre Street, Room 119) and the Clerk of Part 43 within 40 days from the date the notice to retain new counsel is mailed; and it is further

**ORDERED** that no further proceedings may be taken against the former clients without leave of this court for a period of 30 days after service on the former clients of the aforesaid notice to appoint a substitute attorney; and it is further

**ORDERED** that the departing attorney shall, within 10 days from entry, serve a copy of this order with notice of entry on the Clerk of the General Clerk's Office (Room 119); and it is further

**160978/2019 FIELDS, RICHARD vs. BAKER & HOSTETLER LLP**
**Motion No. 003**

**Page 3 of 4**

[* 3]

3 of 4

**ORDERED** that such service upon the Clerk of the General Clerk's Office, the filing of a notice of appearance as provided herein, and the filing of papers as aforesaid shall be made in accordance with the procedures set forth in the *Protocol on Courthouse and County Clerk Procedures for Electronically Filed Cases* (accessible at the "E-Filing" page on the court's website at the address www.nycourts.gov/supctmanh)]; and it is further

**ORDERED** that the parties shall appear for a status conference to be held via Microsoft TEAMS on August 20, 2024, at 10:30 a.m.

This constitutes the decision and order of this court.

6/4/24
DATE

ROBERT R. REED, J.S.C.

| CHECK ONE: | | CASE DISPOSED | | X | NON-FINAL DISPOSITION | | |
|---|---|---|---|---|---|---|---|
| | X | GRANTED | ☐ DENIED | | GRANTED IN PART | ☐ | OTHER |
| APPLICATION: | | SETTLE ORDER | | | SUBMIT ORDER | | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | | FIDUCIARY APPOINTMENT | ☐ | REFERENCE |

160978/2019   FIELDS, RICHARD vs. BAKER & HOSTETLER LLP
Motion No. 003

Page 4 of 4