Reigo Securitization Sponsor 2021-1, LLC v Northwind Fin. Corp. (2024 NY Slip Op 50667(U))

[*1]

Reigo Securitization Sponsor 2021-1, LLC v Northwind Fin. Corp.

2024 NY Slip Op 50667(U)

Decided on June 5, 2024

Supreme Court, New York County

Reed, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on June 5, 2024
Supreme Court, New York County

Reigo Securitization Sponsor 2021-1, LLC, Plaintiff,

against
Northwind Financial Corporation, Northwind Management Services, LLC, Gifford Chip Cummings, Jr, and Lisa M. Cummings, Defendants.

Index No. 651686/2023

Robert R. Reed, J.

The following e-filed documents, listed by NYSCEF document number (Motion 004) 69, 70, 71, 72, 73, 81, 82 were read on this motion for ATTORNEY - WITHDRAW.
In motion sequence 004, law firm Einbinder & Dunn, LLP (Einbinder & Dunn), counsel for defendants Northwind Financial Corporation and Northwind Management Services, LLC (collectively, Northwind defendants), moves pursuant to CPLR §321 (b) (2) for an order granting leave to withdraw as counsel.
Michael Einbinder, Esq., a partner of Einbinder & Dunn, submits an affirmation dated April 2, 2024. Counselor Einbinder affirms, under penalty of perjury, that Einbinder & Dunn seeks to withdraw as counsel for the Northwind defendants due to a "breakdown of the attorney-client relationship [that] ensued due to the Northwind [d]efendants' failure to pay their outstanding invoices as agreed" (NYSCEF doc. no. 71 ¶ 10). Mr. Einbinder further affirms that "[t]here will be no prejudice to any party in granting the instant motion to withdraw as counsel" (id. ¶ 11).
Einbinder & Dunn requests that this court stay all proceedings in this action for thirty days to allow the Northwind defendants time to retain new counsel. The motion is unopposed, except that plaintiff requests that any resulting stay in the action to apply solely with respect to [*2]the Northwind defendants (see affirmation of plaintiff's counsel).
CPLR 321 (b) (2) provides:
"[a]n attorney of record may withdraw or be changed by order of the court in which the action is pending, upon motion on such notice to the client of the withdrawing attorney, to the attorneys of all other parties in the action or, if a party appears without an attorney, to the party, and to any other person, as the court may direct."
If an attorney deems it necessary to end the attorney-client relationship without the consent of the client, the attorney may move on such notice as may be directed by the court, to be relieved as counsel by court order (Farage v Ehrenberg, 124 AD3d 159 [2nd Dept 2014]). "The decision to grant or deny permission for counsel to withdraw lies within the discretion of the trial court, and the court's decision should not be overturned absent a showing of an improvident exercise of discretion" (Applebaum v Einstein, 163 AD3d 905, 907 [2nd Dept 2018]).
Here, Einbinder & Dunn submitted sufficient evidence, by way of attorney affirmation, of the Northwind defendants' failure to pay legal fees pursuant to their retainer agreement (NYSCEF doc. no. 71). A party's failure to pay legal fees is sufficient grounds to grant leave to withdraw (see Weiss v Spitzer, 46 AD3d 675 [2d Dept 2007] [an attorney may be permitted to withdraw from employment where a client refuses to pay reasonable legal fees]; see also Holmes v Y.J.A. Realty Corp., 128 AD2d 482 [1st Dept 1987]). Indeed, "there is no obligation on the part of counsel to finance the litigation or render gratuitous services" (Holmes at 483).
Further, CPLR 321 (c) provides that "[i]f an attorney . . . is removed . . . at any time before judgment, no further proceeding shall be taken in the action against the party for whom he appeared, without leave of the court, until thirty days after notice to appoint to appoint another attorney has been served upon that party . . . ." Therefore, a stay of the proceedings is appropriate to permit the Northwind defendants to find new counsel. Plaintiff requests that the court stay the proceedings only as to the Northwind defendants, and that the action be permitted to continue with respect to Gifford Chip Cummings and Lisa M. Cummings (the Cummings defendants). Here, the first, second, third, fifth, sixth, seventh, and eighth causes of action are asserted against the Northwind defendants and Mr. Cummings. Permitting the action to proceed as against Mr. Cummings while staying the action as to the Northwind defendants, however, would needlessly bifurcate the proceedings and potentially prejudice the Northwind defendants upon the resumption of the proceedings as against them. Neither would prejudice arise from applying a blanket stay of the action for a limited period of time. Accordingly, the action will be stayed as against all defendants upon service on the former clients of notice to appoint a substitute attorney.
In addition, plaintiff requests an additional ten days to file a response to the Northwind defendants' counterclaim following the expiration of the stay. The Northwind defendants filed an answer with counterclaim on March 26, 2024. Plaintiff had twenty days to file a reply (see CPLR 3012). The court's order to show cause, staying the case pending the resolution of the motion, was dated April 4, 2024, after nine days had elapsed. Accordingly, plaintiff is entitled to eleven additional days to reply and file a response to the counterclaim.
Accordingly, it is hereby
ORDERED that the motion seq. no. 004 of Michael Einbinder, Esq. and Einbinder & Dunn, LLP to be relieved as counsel for defendants Northwind Financial Corporation and Northwind Management Services, LLC is granted without opposition upon filing of proof of [*3]compliance with the following conditions; and it is further
ORDERED that, within 10 days from entry, said attorney shall serve a copy of this order with notice of entry upon the former clients at their last known addresses by certified mail, return receipt requested, and upon the attorneys for all other parties appearing herein by posting to the New York State Courts Electronic Filing System; and it is further
ORDERED that, together with the copy of this order with notice of entry served upon the former clients, moving counsel shall forward a notice directing the former clients to appoint a substitute attorney within 30 days from the date of the mailing of the notice and the client shall comply therewith; and it is further
ORDERED that any new attorney retained by defendants Northwind Financial Corporation and Northwind Management Services, LLC shall file a notice of appearance with the Clerk of the General Clerk's Office (60 Centre Street, Room 119) and the Clerk of Part 43 within 40 days from the date the notice to retain new counsel is mailed; and it is further
ORDERED that no further proceedings may be taken against any of the defendants without leave of this court for a period of 30 days after service on the former clients of the aforesaid notice to appoint a substitute attorney; and it is further
ORDERED that the departing attorney shall, within 10 days from entry, serve a copy of this order with notice of entry on the Clerk of the General Clerk's Office (Room 119); and it is further
ORDERED that such service upon the Clerk of the General Clerk's Office, the filing of a notice of appearance as provided herein, and the filing of papers as aforesaid shall be made in accordance with the procedures set forth in the Protocol on Courthouse and County Clerk Procedures for Electronically Filed Cases (accessible at the "E-Filing" page on the court's website at the address www.nycourts.gov/supctmanh)]; and it is further
ORDERED that plaintiffs shall reply to the counterclaim by defendants Northwind Financial Corporation and Northwind Management Services, LLC within eleven (11) days of the lifting of the stay; and it is further
ORDERED that the parties shall appear for a status conference to be held via Microsoft TEAMS on August 20, 2024, at 11:00 a.m.
This constitutes the decision and order of this court.
DATE June 5, 2024
ROBERT R. REED, J.S.C.