Miller v 22 Ericsson Owner LLC (2025 NY Slip Op 50004(U))

[*1]

Miller v 22 Ericsson Owner LLC

2025 NY Slip Op 50004(U)

Decided on January 6, 2025

Supreme Court, New York County

Reed, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on January 6, 2025
Supreme Court, New York County

Larry Miller, Petitioner,

against
22 Ericsson Owner LLC, 25 North Moore Owner LLC, 36 LLC, 500 Eighth Avenue Limited Liability Company, 940 Columbus LLC, Milber 219 Mamaroneck LLC, Milber Holding LLC, S&S Investors Two LLC, David I. Berley, Marc Berley, Ernest Faraci, Steven Forest, Jane Greenman, Joseph A. Manasseri, Andrea M. Manasseri, David Miller, Melinda Miller, Peter Riguardi, Greg Sandler, Muriel Sandler, the Estate of Saul Schwartz, David Swersky, Mark Weiss, Peter Weiss, 315 W 36 Member LLC, ALJ Management Company Inc, Corinthian Dynasty Trust LLC, DDJ Investments, L.L.C, FBOMJD LLC, Forestweiss Equities LLC, Berley 2012 Family Trust, Berley 2015 Marital Trust, Berley 2014 Irrevocable Trust, Berley 2015 Marital Trust, DZB 2014 Irrevocable Trust, the Joseph Berley 747 Madison Trust, Article Three Subtrust for the Benefit of Joseph Berley under the Berley 2012 Family Trust, Article Three Subtrust for the Benefit of Mia Berley under the Berley 2012 Family Trust, John Friedland Trust under Trust Dated November 30, 1987, Patricia Friedland Trust under Trust Dated November 30, 1987, Paul Friedland Trust under Trust Dated November 30, 1987, Larry Miller 2001 Trust, the Riguardi Living Trust, Robert Tillis 2016 Imperial Bag Irrevocable Trust, Will B. Sandler Disclaimer Trust, Respondents.

Index No. 650203/2022

Robert R. Reed, J.

The following e-filed documents, listed by NYSCEF document number (Motion 008) 209, 210, 211, 212, 213, 214, 215, 216, 217, 218, 219, 220, 221 were read on this motion for ATTORNEY - DISQUALIFY/RELIEVE/SUBSTITUTE/WITHDRAW.
This is a special proceeding to dissolve several real estate limited liability companies that petitioner and respondents jointly own. In motion sequence 008, by order to show cause filed on September 18, 2024, Christopher Milito, moves to withdraw as counsel for respondents 22 Ericsson Owner LLC, 25 North Moore Owner LLC, 36 LLC, 500 Eighth Avenue Limited Liability Company, 940 Columbus LLC, Milber 219 Mamaroneck LLC, Milber Holding LLC, S&S Investors Two LLC, Walsam 40 East 20 LLC, and David Berley (collectively, "Respondents"). Counsel also requests that this court issue a retaining lien in the amount of $203,901.06 for services rendered, and for an order staying all proceedings in this action for a [*2]period of thirty (30) days after the motion is determined (NYSCEF doc. no. 210, para. 2).
CPLR 321 (b) (2) provides:
"[a]n attorney of record may withdraw or be changed by order of the court in which the action is pending, upon motion on such notice to the client of the withdrawing attorney, to the attorneys of all other parties in the action or, if a party appears without an attorney, to the party, and to any other person, as the court may direct."
If an attorney deems it necessary to end the attorney-client relationship without the consent of the client, the attorney may move, on such notice as may be directed by the court, to be relieved as counsel by court order (Farage v Ehrenberg, 124 AD3d 159 [2nd Dept 2014]). "The decision to grant or deny permission for counsel to withdraw lies within the discretion of the trial court, and the court's decision should not be overturned absent a showing of an improvident exercise of discretion" (Applebaum v Einstein, 163 AD3d 905, 907 [2nd Dept 2018]).
Christopher Milito, a member of Morrison Cohen LLP, submits an affirmation dated September 18, 2024, in which he affirms that the firm was retained pursuant to a 2022 engagement letter, but has not received payment in accordance with the letter's terms (id. at para. 3). Invoices for the period of April 26, 2023 to September 18, 2024 were purportedly sent to the attention of respondent Marc Berley and addressed to Walter & Samuels, Inc. located at 419 Park Avenue South, New York, NY 10016 (Remittance Copy, NYSCEF doc. no. 211). It is alleged that Berley failed to remit payment, resulting in the total amount of $203,901.06 due and owing. Counsel submits that respondent's failure to pay legal fees has resulted in a breakdown of the attorney-client relationship, and submits that unless this application is granted, Morrison Cohen will incur substantial loss and expense.
Morrison Cohen also requests the imposition of a stay of proceedings to permit respondents the opportunity to retain new counsel, the imposition of a retaining lien in the amount of $203,901.06 for services rendered, and for alternative service of process upon the former clients (NYSCEF doc. no. 210, paras.13-15).
In opposition, petitioner does not contest the merits of counsel's request to withdraw. Rather, petitioner contests the existence of the attorney-client relationship between counsel and the subject limited liability companies. Petitioner asserts that additional approval was required to retain Morrison Cohen at the outset, and requests that this court deny counsel's request for the imposition of a retaining lien against the managed LLC's on whose behalf Berley purportedly had no authority to unilaterally act.
Proposed incoming counsel for respondents filed opposition by way of letter brief (NYSCEF doc. no. 220). In its correspondence, Douglas Motzenbecker, of the law firm of Gordon & Rees, disputes the amounts owed to counsel, and requests additional time to review the file and litigate the fees at issue in arbitration.
It is well settled that a party's failure to pay legal fees is sufficient grounds to grant leave to withdraw (Applebaum v Einstein, 163 AD3d 905, 907 [1st Dept 2018][finding the court improvidently exercised its discretion in denying leave to withdraw when the plaintiff was in substantial arrears in payment of fees, failed to cooperate with his legal representation and failed to oppose the motion]; Weiss v Spitzer, 46 AD3d 675 [2d Dept 2007][an attorney may be permitted to withdraw from employment where a client refuses to pay reasonable legal fees]; see also Holmes v Y.J.A. Realty Corp., 128 AD2d 482 [1st Dept 1987]).
Here, counsel submitted sufficient evidence, by way of attorney affirmation and [*3]respondent's statement of account, reflecting the client's notice of owed fees, and respondent's failure to remit payment (NYSCEF doc. nos. 210, 211). Although petitioner disputes the creation of an attorney-client relationship with the subject limited liability companies, it is well settled that, in the absence of proof of actual authority to bind, words or conduct communicated to a third party may create the apparent authority of an agent to act on behalf of the principal (New York Cmty. Bank v Woodhaven Assocs., LLC, 137 AD3d 1231, 1233 [2d Dept 2016]). Apparent authority may exist in the absence of authority in fact, and, if established, may bind one to a third party with whom the purported agent had contracted even if, as in the present case, the third party has not carried the burden of proving that the agent actually had authority (Greene v Hellman, 51 NY2d 197, 204 [1980]).
The issue of apparent authority presents a factual determination (Arol Dev. Corp. v Whitman & Ransom, 215 AD2d 145, 146 [1st Dept 1995]) which is relevant only in determining the obligation for payment of attorney fees. Whether counsel was only permitted to represent Berley alone, or did, in fact, represent the managed limited liability companies sufficient to bind them to payment of counsel's fees, at this juncture, is a separate question that is subject to further inquiry. Accordingly, counsel's request to withdraw its representation is granted. "There is no obligation on the part of counsel to finance the litigation or render gratuitous services" (Holmes at 483).
Further, a stay of the proceedings is appropriate to permit respondents to obtain new counsel, and afford such new counsel time to become familiar with the case file. 
CPLR 321 (c) provides that
"[i]f an attorney . . . is removed . . . at any time before judgment, no further proceeding shall be taken in the action against the party for whom he appeared, without leave of the court, until thirty days after notice to appoint to appoint another attorney has been served upon that party . . ."
Counsel's request for an imposition of a stay of proceedings is granted.
With respect to counsel's request for alternate service, the court denies this request. Counsel has made no showing, whatsoever, that service by personal delivery, delivery and mail, or affixing and mailing, respectively, are impracticable (Corbo v Stephens, 272 AD2d 502 [2d Dept 2000][Court is without power to direct alternative service of process absent a showing by the moving party that service is impracticable under the other specified methods]; see also CPLR 308.).
Finally, "an attorney who has been discharged without cause, and who has satisfied the conditions precedent to earning a fee, is entitled to recover the amount of his or her compensation in three ways: by the assertion of a retaining lien, by the assertion of a charging lien or by commencing a plenary action (Rotker v Rotker, 195 Misc 2d 768, 769 [Sup. Ct. 2003] citing, Butler, Fitzgerald & Potter v. Gelmin, 235 AD2d 218 [1st Dept. 1997][internal citations omitted]).
"A retaining lien, which attaches automatically upon the commencement of the representation, is a security interest in any documents or other items of the client that are in the possession of the attorney and is extinguished when the possession terminates other than by court order" (Rotker, citing Matter of Cooper, 291 NY 255 [1943]). The lien only "permits the attorney to retain all of the client's papers and files until all fees are paid" (Butler, 235 AD2d at 219), and, "in the absence of exigent circumstances, counsel may not be compelled to deliver the file to the client or substitute counsel until an expedited hearing has been held to determine the [*4]amount of the fee owed and the attorney is paid the reasonable value of his or her services or adequate security is provided (Rotker 195 Misc 2d at 771[internal citations omitted]).
Where an attorney voluntarily withdraws from a case for just cause, he has a retaining lien on his client's papers for the unpaid balance due to him, or a charging lien which attaches to the proceeds of the judgment and cannot be affected by a settlement between the parties (Rosen v Rosen, 97 AD2d 837 [2d Dept 1983]). Counsel's request for a retaining lien for the purpose of securing payment (NYSCEF doc. no. 210, para. 15) is granted. Summary determination as to whether the firm is entitled to compensation, the amount of any lien, and the party against whom the lien may be imposed, however, is severed and referred to a referee to hear and report.
Accordingly, it is hereby
ORDERED that the motion of Christopher Milito, member of Morrison Cohen LLP, to withdraw as counsel for respondents 22 Ericsson Owner LLC, 25 North Moore Owner LLC, 36 LLC, 500 Eighth Avenue Limited Liability Company, 940 Columbus LLC, Milber 219 Mamaroneck LLC, Milber Holding LLC, S&S Investors Two LLC, Walsam 40 East 20 LLC, and David Berley (motion seq. no. 008) is granted upon filing of proof of compliance with the following conditions; and it is further
ORDERED that, within 10 days from entry, said attorney shall serve a copy of this order with notice of entry upon the former client at their last known address by certified mail, return receipt requested, and upon the attorneys for all other parties appearing herein by filing on the New York State Courts Electronic Filing System; and it is further
ORDERED that, together with the copy of this order with notice of entry served upon the former client, moving counsel shall forward a notice directing the former client to appoint a substitute attorney within 30 days from the date of the mailing of the notice and the client shall comply therewith, except that, in the event respondent David Berley intends instead to represent himself, he shall notify the Clerk of the Part of this decision in writing within said 30-day period; and it is further
ORDERED that any new attorney retained by respondents shall file a notice of appearance with the Clerk of the General Clerk's Office and the Clerk of the Part within 40 days from the date the notice to retain new counsel is mailed; and it is further
ORDERED that no further proceedings may be taken against the former client without leave of this court for a period of 40 days after service on the former client of the aforesaid notice to appoint a substitute attorney; and it is further
ORDERED that the departing attorney shall, within 10 days from entry, serve a copy of this order with notice of entry on the Clerk of the General Clerk's Office; and it is further
ORDERED that such service upon the Clerk of the General Clerk's Office, the filing of a notice of appearance as provided herein, and the filing of papers as aforesaid shall be made in accordance with the procedures set forth in the Protocol on Courthouse and County Clerk Procedures for Electronically Filed Cases (accessible at the "E-Filing" page on the court's website]; and it is further
ORDERED that a Judicial Hearing Officer ("JHO") or Special Referee shall be designated to hear and report to this court on the following individual issues of fact, which are hereby submitted to the JHO/Special Referee for such purpose on the issue of whether any amounts are due and owing to Morrison Cohen LLP, the amount due and owing to Morrison Cohen LLP (if any) and the amount of any lien imposed (if any) for services rendered; and it is further 
ORDERED that the powers of the JHO/Special Referee shall not be limited beyond the limitations set forth in the CPLR; and it is further
ORDERED that this matter is hereby referred to the Special Referee Clerk for placement at the earliest possible date upon the calendar of the Special Referees Part (Part SRP), following the expiration of the mandatory stay of this action, which, in accordance with the Rules of that Part shall assign this matter at the initial appearance to an available JHO/Special Referee to hear and report as specified above; and it is further
ORDERED that outgoing counsel shall, within 15 days from the expiration of the mandatory stay of this action, submit to the Special Referee Clerk an Information Sheet (accessible at the "References" link on the court's website) containing all the information called for therein and that, as soon as practical thereafter, the Special Referee Clerk shall advise counsel for the parties of the date fixed for the appearance of the matter upon the calendar of the Special Referees Part; and it is further
ORDERED that the parties shall appear for the reference hearing, including with all witnesses and evidence they seek to present, and shall be ready to proceed with the hearing, on the date fixed by the Special Referee Clerk for the initial appearance in the Special Referees Part, subject only to any adjournment that may be authorized by the Special Referees Part in accordance with the Rules of that Part; and it is further
ORDERED that, if required by the Special Referee Part, on the initial appearance, the parties shall appear for a pre-hearing conference before the assigned JHO/Special Referee and the date for the hearing shall be fixed at that conference; the parties need not appear at the conference with all witnesses and evidence; and it is further
ORDERED that, except as otherwise directed by the assigned JHO/Special Referee for good cause shown, the hearing of the issue(s) specified above shall proceed from day to day until completion and counsel must arrange their schedules and those of their witnesses accordingly; and it is further
ORDERED that counsel shall file memoranda or other documents directed to the assigned JHO/Special Referee in accordance with the Uniform Rules of the Judicial Hearing Officers and the Special Referees (available at the "References" link on the court's website) by filing same with the New York State Courts Electronic Filing System (see Rule 2 of the Uniform Rules); and it is further
ORDERED that any motion to confirm or disaffirm the Report of the JHO/Special Referee shall be made within the time and in the manner specified in CPLR 4403 and Section 202.44 of the Uniform Rules for the Trial Courts; and it is further
ORDERED that oral argument on petitioner's motion to appoint a receiver (motion seq. no. 007) currently scheduled for January 16, 2025 is adjourned to March 27, 2025 at 2:30 p.m.; and it is further
ORDERED that the virtual status and Rule 14 conference currently scheduled for January 9, 2024 is adjourned to March 25, 2025 at 10:00 a.m.
DATE January 6, 2025
Robert R. Reed, J.S.C.