LW Holdco V LLC v Puls (2025 NY Slip Op 50136(U))

[*1]

LW Holdco V LLC v Puls

2025 NY Slip Op 50136(U)

Decided on February 7, 2025

Supreme Court, New York County

Reed, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on February 7, 2025
Supreme Court, New York County

LW Holdco V LLC, Plaintiff,

against
Kelly Puls, Mark Haney, and Chris Lyster, Defendants.

Index No. 654747/2021

Robert R. Reed, J.

The following e-filed documents, listed by NYSCEF document number (Motion 009) 184, 185, 186, 187 were read on this motion to/for ATTORNEY - WITHDRAW.
In motion sequence 009, law firm Levy Goldenberg LLP (Levy Goldenberg), attorneys for defendant Kelly Puls, moves for an order (1) lifting the stay imposed by the court on February 21, 2024; (2) granting Levy Goldenberg leave to withdraw as counsel pursuant to CPLR 321 (b) (2); (3) staying all proceedings upon determination of this motion for a period of 30 days to afford Puls time to retain new counsel; and (4) granting the firm a charging lien upon Puls's claims and other relief sought in connection with this action. No opposition to the motion was filed.
Lifting of bankruptcy stay
On February 7, 2024, defendant Lyster filed for Chapter 7 bankruptcy in the U.S. Bankruptcy Court for the Northern District of Texas and filed a Notice of Bankruptcy with the court to notify it of the proceeding. On February 16, 2024, the court deemed the action stayed (NYSCEF doc. No. 182).
Attorney Levy Goldberg requests that the stay in the action be lifted temporarily only for the purposes of permitting this motion to be heard and determined.
Pursuant to 11 USC § 362, all proceedings are automatically stayed from being commenced or continued against the debtor (see Robins Co. v Piccinin, 788 F2d 994 [4th Cir 1986]). "[T]he filing of a bankruptcy petition by one defendant stay[s] th[e] action only as to that defendant, not the others" (Velez v Seymour Moslin Assoc., 278 AD2d 164, 165 [1st Dept 2000]). A motion to be relieved as counsel can be granted with respect to a codefendant of the debtor, notwithstanding that the action is stayed as to the debtor due to a bankruptcy (Matter of S. I. Acquisition v Eastway Delivery Serv., 817 F2d 1142 [5th Cir 1987]; Tremont Elec., Inc. v Rampinelli Elec. Co., 142 Misc 2d 80, 81 [Sup Ct, NY County 1988]).
Accordingly, the bankruptcy stay as applied by this court due to the filing of defendant Chris Lyster will not prohibit this court from hearing Levy Goldenberg's request to withdraw. A lifting of a stay is not required (id.).
Leave to withdraw and Stay
CPLR 321 (b) (2) provides:
"[a]n attorney of record may withdraw or be changed by order of the court in which the action is pending, upon motion on such notice to the client of the withdrawing attorney, to the attorneys of all other parties in the action or, if a party appears without an attorney, to the party, and to any other person, as the court may direct."
If an attorney deems it necessary to end the attorney-client relationship without the consent of the client, the attorney may move on such notice as may be directed by the court, to be relieved as counsel by court order (Farage v Ehrenberg, 124 AD3d 159 [2nd Dept 2014]). "The decision to grant or deny permission for counsel to withdraw lies within the discretion of the trial court, and the court's decision should not be overturned absent a showing of an improvident exercise of discretion" (Applebaum v Einstein, 163 AD3d 905, 907 [2nd Dept 2018]).
Andrew Goldenberg, a partner of Levy Goldenberg, submits an affirmation dated July 30, 2024, in which he affirms, under penalty of perjury, that the firm has "been unable to effectively communicate with Puls, which communication is vital in order for the [f]irm to counsel Puls in connection with this action" and "has not received payments from Puls in a substantial amount of time" (Goldenberg affirmation ¶¶ 8, 10).
Here, Levy Goldenberg submits sufficient evidence, by way of attorney affirmation, of the firm's inability to communicate effectively with its client and the client's failure to pay legal fees. A party's failure to pay legal fees is sufficient grounds to grant leave to withdraw (see Weiss v Spitzer, 46 AD3d 675 [2d Dept 2007] [an attorney may be permitted to withdraw from employment where a client refuses to pay reasonable legal fees]; see also Holmes v Y.J.A. Realty Corp., 128 AD2d 482 [1st Dept 1987]). Indeed, "there is no obligation on the part of counsel to finance the litigation or render gratuitous services" (Holmes at 483).
Further, CPLR 321 (c) provides that
"[i]f an attorney . . . is removed . . . at any time before judgment, no further proceeding shall be taken in the action against the party for whom he appeared, without leave of the court, until thirty days after notice to appoint to appoint another attorney has been served upon that party . . . ."
Therefore, a stay of the proceedings is appropriate to permit Puls to find new counsel.
Charging Lien
Finally, withdrawing counsel for Puls requests an order granting the firm a charging lien upon Puls's claims and other relief sought in connection with this action.
"A charging lien is a security interest in the favorable result of litigation, giving the attorney equitable ownership interest in the client's cause of action and ensuring that the attorney can collect his fee from the fund he has created for that purpose on behalf of the client" (Charnow v Charnow, 134 AD3d 875, 876 [2d Dept 2015]; see Judiciary Law § 475). "The charging lien is predicated on the idea that the attorney has by his skill and effort obtained the judgment, and hence should have a lien thereon for his compensation" (Schneider, Kleinick, [*2]Weitz, Damashek & Shoot v City of NY, 302 AD2d 183, 187 [1st Dept 2002] [alterations omitted]). "[A]n attorney's recovery under Judiciary Law § 475 is contingent upon his client reaching a favorable outcome, because the charging lien is a specific attachment to the funds which constitute the client's recovery" (id. at 188 [1st Dept 2002]). Accordingly, "where the attorney's services do not create any proceeds, but consist solely of defending a title or interest already held by the client, there is no lien on that title or interest" (Charnow at 876).
Here, Puls filed his answer to the complaint pro se on October 29, 2021, asserting various defenses but no counterclaims. On September 12, 2022, plaintiff filed a motion to strike Puls's answer for failure to comply with discovery obligations (mot seq No. 005). Puls, still representing himself, did not oppose the motion. Instead, on October 26, 2022, he filed a motion to amend his answer to add additional defenses and counterclaims (mot seq No. 007). Levy Goldenberg appeared in the action for Puls on January 9, 2023. By decision and order dated July 31, 2023, the court struck Puls's answer and denied his motion to amend as moot (NYSCEF doc. No. 153). As a result, Puls has no defenses, counterclaims, crossclaims, or other claims in this action.
Levy Goldenberg fails to demonstrate entitlement to a charging lien on any "verdict, report, determination, decision, award, settlement, judgment or final order" in Puls's favor (Judiciary Law § 475), as such relief must be premised in legal representation that creates proceeds from some resolution in the action. Without an answer or counterclaim, Puls can have no judgment for money in his favor. Levy Goldenberg's services consisted solely of "defending a title or interest already held by the client" (Charnow at 876).
Accordingly, it is
ORDERED that the motion of Levy Goldenberg LLP is granted in part, to the limited extent that Levy Goldberg LLP shall be relieved as attorneys for defendant Kelly Puls upon filing of proof of compliance with the following conditions; and it is further
ORDERED that said attorney serve a copy of this order with notice of entry upon the former client at his last known address by certified mail, return receipt requested, and upon the attorneys for all other parties appearing herein by posting to the New York State Courts Electronic Filing System; and it is further
ORDERED that, together with the copy of this order with notice of entry served upon the former client, moving counsel shall forward a notice directing the former client to appoint a substitute attorney within 30 days from the date of the mailing of the notice and the client shall comply therewith, except that, in the event defendant intends instead to represent himself, he shall notify the Clerk of the Part of this decision in writing within said 30-day period; and it is further
ORDERED that any new attorney retained by defendant file a notice of appearance with the Clerk of the General Clerk's Office and the Clerk of the Part within 40 days from the date the notice to retain new counsel is mailed; and it is further
ORDERED that the action will be stayed until thirty days have elapsed from thirty days from the date of the mailing of the notice granting withdrawal, and no further proceedings may be taken against the former client without leave of this court during that time; and it is further
ORDERED that such service upon the Clerk of the General Clerk's Office shall be made in accordance with the procedures set forth in the Protocol on Courthouse and County Clerk Procedures for Electronically Filed Cases (accessible at the "E-Filing" page on the court's website); and it is further
ORDERED that the motion is, in all other respects, denied.
Dated: February 7, 2025
Robert R. Reed, J.S.C.