Heifitz v Garifova (2026 NY Slip Op 00119)

Heifitz v Garifova

2026 NY Slip Op 00119

Decided on January 14, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on January 14, 2026
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
FRANCESCA E. CONNOLLY
CARL J. LANDICINO
JAMES P. MCCORMACK, JJ.

2021-06883
 (Index No. 53421/17)

[*1]Alexander Heifitz, plaintiff-respondent,
vYulia Garifova, defendant-respondent; Mazur, Bocketti, Nisonoff & Khavulya, P.C., nonparty-appellant.

Mazur, Bocketti, Nisonoff & Khavulya, P.C., New York, NY (Wayne Mazur and Mirra Khavulya of counsel), nonparty-appellant pro se.
Brian D. Perskin & Associates, P.C., Brooklyn, NY (Evan S. Seckular of counsel), for plaintiff-respondent.
Kenneth E. Stroup, Jr., New York, NY, for defendant-respondent.

DECISION & ORDER
In an action for a divorce and ancillary relief, nonparty Mazur, Bocketti, Nisonoff & Khavulya, P.C., appeals from an order of the Supreme Court, Kings County (Joanne Quinones, J.), dated September 8, 2021. The order, insofar as appealed from, denied, without prejudice, the motion of nonparty Mazur, Bocketti, Nisonoff & Khavulya, P.C., for an order of commitment, an award of counsel fees, and for sanctions, and that branch of that nonparty's separate motion which was for a charging lien.
ORDERED that the order is affirmed insofar as appealed from, with one bill of costs.
The plaintiff commenced this action for a divorce and ancillary relief. In an order dated November 18, 2019, the Supreme Court, inter alia, granted the defendant's motion to hold the plaintiff in civil contempt for failing to comply with prior orders of the court and directed that the plaintiff purge his contempt on or before December 3, 2019, among other things, by paying the sum of $40,000 to Mazur, Bocketti, Nisonoff & Khavulya, P.C. (hereinafter MBNK), the defendant's attorney at that time. On December 10, 2019, MBNK moved for an order of commitment, an award of counsel fees, and for sanctions due to the plaintiff's failure to purge his contempt (hereinafter the commitment motion). On January 23, 2020, MBNK moved, inter alia, for leave to withdraw as counsel for the defendant and for a charging lien in the sum of $168,507 upon the proceeds of the judgment recovered by the defendant in this action (hereinafter the charging lien motion). In an order dated July 24, 2020, the court referred the matter to a referee to hear and report with recommendations on the issues of whether to hold the plaintiff in civil contempt and to grant MBNK a charging lien. The referee returned the matter to the court with no findings of contempt or recommendations regarding a remedy for the plaintiff's failure to purge his contempt but recommended that a hearing on MBNK's asserted charging lien in the amount of $168,507 be deferred to the end of the action. Thereafter, the plaintiff moved to confirm the referee's report, and MBNK moved, among other things, to reject the referee's report and for a de novo determination of [*2]the commitment motion. In an order dated September 8, 2021, the court, among other things, denied the commitment motion, without prejudice, after, in effect, a de novo review, because the commitment motion failed to comply with the notice and warning requirements of Judiciary Law § 756. The court also denied, without prejudice, that branch of the charging lien motion which was for a charging lien in the sum of $168,507 upon the proceeds of the judgment recovered by the defendant in this action as premature. MBNK appeals.
Under Judiciary Law § 753, "[a] court of record has power to punish, by fine and imprisonment, or either, a neglect or violation of duty, or other misconduct, by which a right or remedy of a party to a civil action or special proceeding, pending in the court may be defeated, impaired, impeded, or prejudiced" (id. § 753[A]; see El-Dehdan v El-Dehdan, 26 NY3d 19, 29). "A motion to punish a party for civil contempt is addressed to the sound discretion of the motion court" (Matter of Marotta v Marotta, 218 AD3d 468, 469; see Botros v Botros, 233 AD3d 1051, 1053). "To prevail on a motion to hold a party in civil contempt pursuant to Judiciary Law § 753(A)(3), the movant is required to prove by clear and convincing evidence that a lawful order of the court, clearly expressing an unequivocal mandate, was in effect, that the order was disobeyed and the party disobeying the order had knowledge of its terms, and that the movant was prejudiced by the offending conduct" (Botros v Botros, 233 AD3d at 1053 [internal quotation marks omitted]; see El-Dehdan v El-Dehdan, 26 NY3d at 29). Moreover, pursuant to Judiciary Law § 756, "[a]n application to punish for a contempt punishable civilly . . . shall contain on its face a notice that the purpose of the hearing is to punish the accused for a contempt of court, and that such punishment may consist of fine or imprisonment, or both." The application also must contain a warning to the accused that "FAILURE TO APPEAR IN COURT MAY RESULT IN YOUR IMMEDIATE ARREST AND IMPRISONMENT FOR CONTEMPT OF COURT" (id.).
Here, the Supreme Court properly determined that the commitment motion was an application to punish the plaintiff for contempt civilly and, thus, that it was required to contain on its face both a notice that the purpose of the hearing was to punish the accused for contempt of court and that such punishment may consist of a fine or imprisonment, or both, and the required warning (see id.). Accordingly, because the commitment motion failed to include the requisite notice and warning, the court properly denied the motion, without prejudice (see Community Preserv. Corp. v Northern Blvd. Prop., LLC, 139 AD3d 889, 890; Cappello v Cappello, 274 AD2d 538, 539).
The Supreme Court also properly denied, without prejudice, that branch of the charging lien motion which was for a charging lien in the sum of $168,507 upon the proceeds of the judgment recovered by the defendant in this action as premature. "A charging lien is a security interest in the favorable result of litigation, giving the attorney equitable ownership interest in the client's cause of action and ensuring that the attorney can collect his fee from the fund he has created for that purpose on behalf of the client" (Charnow v Charnow, 134 AD3d 875, 876 [internal quotation marks omitted]). "In a matrimonial action, a charging lien will be available to the extent that an equitable distribution award reflects the creation of a new fund by an attorney greater than the value of the interests already held by the client" (id. [internal quotation marks omitted]). Here, since the matter was not yet concluded, there was no equitable distribution award reflecting the creation of a new fund by MBNK greater than the value of the interests already held by the defendant (see Bernard v De Rham, 161 AD3d 686, 687).
DILLON, J.P., CONNOLLY, LANDICINO and MCCORMACK, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court