Admonition for violation of Rule 8.4(d), MRPC, affirmed.

## In re ADMONITION ISSUED IN PANEL FILE NO. 94–24.

### No. C2–95–263.

Supreme Court of Minnesota.

July 7, 1995.

Rodney E. Pagel, Grand Forks, for petitioner.

Marcia A. Johnson, Director, Lawyers Professional Responsibility Bd., Candice Mae Hojan, Sr. Asst. Director, St. Paul, for respondent.

## OPINION

PER CURIAM.

The respondent, who was admitted to the practice of law in Minnesota on September 3, 1982, and whose office is situated in North Dakota, appeals an admonition issued by the Director of the Office of Professional Responsibility and affirmed by a panel of the Lawyers Professional Responsibility Board. We affirm in part and reverse in part.

In June of 1991 a client engaged the respondent to represent her in a personal injury action based on a fall which occurred outside a restaurant on April 28, 1991. The parties entered into a contingent fee arrangement which provided that the lawyer should receive a fee equal to 33⅓ percent of any amount recovered if the case was settled prior to trial, 40 percent if recovery occurred during or after trial, and an additional fee in the event of an appeal. In addition, the fee agreement provided that the client was also to be responsible for all court costs and other out-of-pocket expenses incurred by the lawyer in the investigation and prosecution of the claim. Finally, the agreement reserved to the lawyer the right to withdraw from the case at any time for whatever reason he might choose.

It appears that the respondent and his client had a somewhat uncomfortable association from the beginning. Respondent contends that the client was loud, angry, and disrespectful when respondent asked for authorization for the release of her medical

records from a clinic. The client was reluctant to have certain facts which would have been disclosed by the records revealed in this lawsuit. Respondent served a summons and complaint reasonably promptly in September of 1991 but it was September of 1992 before the complaint was amended to name the defendant correctly. A scheduling conference in the fall of 1992 resulted in the issuance of an order that discovery be completed by June 1, 1993, when the case could proceed to trial.

In December 1992 the respondent sent the client some documents for her signature, and it then became apparent that the client perceived the rather slow progress of this action as delay. On December 10, 1992, she wrote to the respondent saying, "I think this whole thing has turned into a bunch of CRAP!" There were other indications of displeasure over respondent's apparent nonaction.

The respondent immediately wrote to the client saying, "[Y]ou describe our representation of you as 'a bunch of crap.'" The letter closed with respondent's statement that under the circumstances he didn't think it reasonable to continue to represent her and he politely requested that she find another lawyer in the very near future.

On at least two subsequent occasions the client asked for return of her file. The respondent told her that before he would release her file she must reimburse him by certified check in the amount of $1,074.54, including $24.69 for copying the file, for his out-of-pocket expenses. When the file was released on April 30, 1993, at the request of the client's successor lawyer, it was accompanied by a notice of attorney's lien in the amount of $3,262.54, which included $2,190 for legal services.

On September 7, 1993, the client lodged an ethics complaint against the respondent. On October 18, 1993, the respondent sent an amended notice of attorney's lien and statement in the amount of $7,772.54, which included $6,700 for legal services. Respondent agreed that the fee dispute could be arbitrated and the matter was settled in July of 1994 for $300.

In the meantime, on May 16, 1994, the Director had issued an admonition citing two violations of Minnesota Rules of Professional Conduct and Lawyers Professional Responsibility Board opinions: (1) Respondent withdrew from representation of the client without adequate justification and retained the file for payment of expenses in violation of Rules 1.15(b)(4) and 1.16, Minn.R.Prof.Conduct (MRPC), and LPRB Opinions 11 and 13; and (2) respondent had by the amended attorney's lien notice and billing retaliated for the ethics complaint in violation of Rules 4.4 and 8.4(d), MRPC.

We agree with the Director that an admonition is appropriate discipline in this case, because this was an isolated matter with minimal harm to the client. When the matter went to the LPRB panel, the panel found that the service of the amended attorney's lien notice and the amended billing were not acts in retaliation for the ethics complaint, but the panel affirmed the admonition with respect to withdrawal of representation and to retention of the file.

■ Unlike the Director and the panel, we are of the opinion that respondent had adequate justification for withdrawal from the representation of this client. A lawyer who believes that the client has no confidence in the lawyer's representation may not represent the client very effectively, and it is oftentimes in the client's best interest that the relationship be severed. In certain respects what constitutes justification depends on the timing of the withdrawal. A lawyer who withdraws on the eve of trial or during trial must have substantial justification for withdrawal, but when, as here, trial of a rather simple and straightforward matter is at least 6 months away, the breakdown of the working relationship between lawyer and client is ample justification.

■ Once the respondent withdrew, however, his notification that he intended to retain the file until expenses had been paid and the inclusion in his bill of expenses of the cost of copying the file for his purposes constitutes a violation of Rule 1.15(b)(4), MRPC, even though the file was ultimately released without payment. It also violates

LPRB Opinion No. 13. *In re Admonition Issued to XY,* 529 N.W.2d 688 (Minn.1995).

Therefore, we affirm the admonition with respect to retaining the client's file for payment of expenses in violation of Rule 1.15(b)(4), MRPC, and LPRB Opinion No. 13, and we reverse the admonition with respect to withdrawing from representation without justification.

Affirmed in part and reversed in part.