**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**FEB 13 2002**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

    Plaintiff-Appellee,

v.

$9,020.00 IN UNITED STATES
CURRENCY,

    Defendant,

---

JEFFREY SCOTT COBB,

    Claimant-Appellant.

No. 01-1110
(D.C. No. 00-B-771)
(D. Colo.)

---

**ORDER AND JUDGMENT** *

---

Before **EBEL**, **KELLY**, and **BRISCOE**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination of

---

\*     This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

In this civil forfeiture case, claimant Jeffrey Scott Cobb appeals from the district court's ruling striking his pleadings and denying his motion to amend, and from the subsequent judgment granting title to the subject money to the United States. Because we conclude that the district court abused its discretion in the initial ruling, we reverse the district court's judgment and remand this case for further proceedings. Claimant's motion to proceed without prepayment of costs and fees is granted.

Rule C(6) of the Supplemental Rules for Certain Admiralty and Maritime Claims governs the procedures for filing a claim in a civil forfeiture case. *See United States v. $88,260.00 in United States Currency*, 925 F. Supp. 838, 840 (D.D.C. 1996). The version of the rule in place at the time this forfeiture case arose provided that a claimant must file a verified claim within ten days after receipt of proper notice of the complaint,[1] and shall serve an answer within twenty days after the filing of the claim. The court may extend the time periods for filing the initial claim. *See United States v. 51 Pieces of Real Prop.*, 17 F.3d 1306, 1318 (10th Cir. 1994). This court has remarked that "[t]he purpose of the

_____

[1] The Supplemental Rules were amended effective December 1, 2000, to provide claimants with twenty days to file a claim where the forfeiture is based on violation of a federal statute.

-2-

time restriction in Supplemental Rule C(6) is to force claimants to come forward as soon as possible after forfeiture proceedings have been initiated so that all interested parties can be heard and the dispute resolved without delay. The purpose of the verification requirement is to prevent false claims." *Id.* at 1318 (quotation and citations omitted).

In this case, appellant, proceeding pro se, filed a pleading within ten days of service of the forfeiture complaint, entitled "Petition for Remission." It was verified by affidavit. Appellant did not file a separate answer as envisioned by Rule C(6). Nonetheless, the petition for remission asserted appellant's claim to the money, presented argument contesting the government's allegations that the money was derived from illegal sources, namely drug sales, and included evidence supporting his claim to the money. When the government asserted that appellant's petition for remission did not satisfy the requirements of Rule C(6), appellant first sought leave to restyle his petition for remission as a verified claim and answer. After further argument from the government that his petition for remission was not a proper answer, appellant sought leave to amend. He did not attach proposed amended pleadings, but stated in his motion that he intended solely to restyle his pleading to conform with the rule, and would not add new claims, evidence, or arguments.

Appellant's argument, both before the district court and before this court on appeal, is that the district court should have construed his petition for remission as a verified claim and answer because it satisfies the fundamental requirements of Rule C(6), or, alternatively, that the district court should have granted him leave to amend his petition for remission to conform with the Rule. The district court concluded that the petition for remission "cannot be considered either a claim or an answer," R. Vol. I, doc. 19, at 4, without discussing the requirements of Rule C(6) or whether the contents of the petition for remission satisfied them. The court then analyzed whether it should exercise its discretion to allow a late filing of the claim and answer, without directly addressing appellant's motions to restyle the petition for remission or amend his pleadings.

We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291, and we review these rulings of the district court only for abuse of discretion. *See United States v. Three Parcels of Real Prop.*, 43 F.3d 388, 391 (8th Cir. 1994). We conclude that the district court abused its discretion in ruling that appellant's petition for remission could not be construed as a verified claim and answer because this ruling ignores the requirement that pro se pleadings are to be liberally construed. The case cited by the district court as support for its ruling, distinguishing petitions for remission in administrative forfeiture proceedings from verified claims in judicial forfeitures, does not stand for the proposition that

-4-

a pro se pleading styled as a petition for remission cannot be construed as a verified claim and answer. Further, the oft-cited statement that courts may require strict compliance with Rule C(6) does not negate the liberal construction due pro se pleadings.

Appellant's petition for remission satisfies the fundamental requirements of Rule C(6) for the filing of a verified claim. It was both verified [2] and filed within the ten-day time period required by the rule. As such, it clearly and promptly notified both the court and the government that appellant was asserting a claim to the money. In light of appellant's pro se status, and because appellant's petition for remission satisfied both the requirements and underlying purposes of Rule C(6), the district court should have construed his petition liberally as a verified claim. *See United States v. 1 Street A-1*, 885 F.2d 994, 999-1000 (1st Cir. 1989) (construing a timely verified answer as both a claim and answer pursuant to Rule C(6)).

The government concedes that the petition for remission could be construed as a verified claim, but contends that it cannot be considered to be an answer as

---

[2] The district court stated that appellant's petition for remission was "self-verified," R. Vol. I, doc. 19 at 4, but applicable law does not require otherwise. Appellant stated that his verification was under penalty of perjury and made pursuant to 28 U.S.C. § 1746. That statute provides that unsworn written statements subscribed under penalty of perjury will have the same effect as verification for purposes of "any law of the United States." *Id.*; *see Green v. Branson*, 108 F.3d 1296, 1302 (10th Cir. 1997).

well.  It argues that the petition for remission fails as an answer because it did not deny or admit the allegations in the forfeiture complaint or set out affirmative defenses.  This argument ignores both the substance of appellant's petition for remission and the meaning of liberal construction.  This court has stated that liberal construction of pro se pleadings "means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements."  *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (determining whether pro se plaintiff stated a claim under Fed. R. Civ. P. 12(b)(6)); *see also id.* at 1110 n.3 (noting that the liberal construction requirement applies to all proceedings involving pro se litigants).  A fair reading of appellant's petition for remission clearly demonstrates a challenge to the allegations in the government's complaint and an intent to refute the government's case.  Further, appellant did not rely on conclusory allegations, but presented evidence supporting his contentions that the money was unconnected with illegal activity.  We conclude that appellant's petition for

remission satisfies the fundamental requirements of an answer to the government's complaint. [3]

In this case, where the timeliness and verification requirements of Rule C(6) have been met, and where the pro se petition for remission contains the kinds of arguments, evidence, and implied denials generally accepted in pro se answers, the district court abused its discretion in failing to construe appellant's petition for remission as a verified claim and answer under Rule C(6).

Having ruled that appellant had filed neither a claim nor an answer, the district court further erred in failing to address appellant's motions to restyle his petition for remission as a verified claim and answer and to amend his pleadings to conform with Rule C(6). Instead, the district court discussed whether it should allow appellant to file a late claim and answer. Because appellant had timely filed a pleading in the case, although unsatisfactory in the court's judgment, the inquiry should have been whether to allow appellant leave to amend his pleadings. We agree with appellant that the district court failed to engage in the proper

---

[3] The government makes two other arguments, both lacking in merit. First, without citation to supportive authority on point, it asserts that the rule requires two separate documents. This argument is in conflict with and weighs heavily against the liberal construction due pro se pleadings. Second, it acknowledges that while at least one circuit has construed a verified answer as both a claim and answer, it "was unable to find any case standing for the reverse proposition." Appellee's Br. at 12. Our legal system does not require such a narrow tailoring of the facts before a case can be considered precedential or persuasive.

analysis on this point, *see, e.g., Castleglen, Inc. v. RTC*, 984 F.2d 1571, 1585 (10th Cir. 1993), and further conclude that any such analysis would indicate that amendment should have been granted. In light of appellant's timely pleading satisfying the requirements of both a verified claim and answer, there was no undue delay in the case as a result of appellant's conduct. The government cannot claim surprise or prejudice because appellant set out the basis for his claim and his arguments against the government's case in his initial pleading. Finally, no bad faith or dilatory motive has been ascribed to appellant. He has answered every government pleading promptly and clearly set out his claims and objections.

The government argues that amendment of appellant's pleadings would be futile because the petition for remission fails to set out a legitimate defense to the proposed forfeiture. It challenges appellant's evidence and argues against his claims. However, this is not the stage at which such an assessment should be made. *See United States v. 116 Emerson St.*, 942 F.2d 74, 78 (1st Cir. 1991). The overriding purpose of Rule C(6) is to identify claimants and allow them standing in the forfeiture to proceed in defense. *Cf. United States v. One Dairy Farm*, 918 F.2d 310, 311-12 (1st Cir. 1990). Because appellant's claims are neither specious nor conclusory, we conclude that amendment would not have been futile. Therefore, failing to allow amendment under these circumstances was also an abuse of discretion.

-8-

The judgment of the United States District Court for the District of Colorado is REVERSED, and this case is REMANDED for further proceedings in light of this decision.

Entered for the Court


David M. Ebel
Circuit Judge