FILED
U.S. Bankruptcy Appellate Panel
of the Tenth Circuit

July 3, 2025
Clerk

NOT FOR PUBLICATION[1]

# UNITED STATES BANKRUPTCY APPELLATE PANEL

# OF THE TENTH CIRCUIT

_____

IN RE ZACHARY RUSK,

    Debtor.

_____

ZACHARY RUSK,

       Appellant,

v.

DEREK BEUTLER,

       Appellee.

BAP No. UT-25-10


Bankr. No. 23-20383
Chapter 13


OPINION

_____

Appeal from the United States Bankruptcy Court
for the District of Utah

Submitted on the briefs.[2]

_____

PER CURIAM:

---

[1] This unpublished opinion may be cited for its persuasive value, but is not precedential, except under the doctrines of law of the case, claim preclusion, and issue preclusion. 10th Cir. BAP L.R. 8026-6.

[2] The parties did not request oral argument, and after examining the briefs and appellate record, the Court has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. Bankr. P. 8019(b). The case is therefore ordered submitted without oral argument.

In early 2023, Appellant Zachary Rusk filed a chapter 13 bankruptcy petition represented by attorney Derek Beutler. On May 23, 2023, the Bankruptcy Court entered an order confirming Appellant's chapter 13 plan. On February 3, 2025, Beutler filed a *Motion to Withdraw as Counsel* (the "Motion to Withdraw") and related notice alerting the Bankruptcy Court that "[t]here has been a breakdown in communication between the client and our law firm, and we can no longer adequately represent the client."[3] On February 10, 2025, Appellant filed a *Combined Motion to Strike and Motion for Contempt, Sanctions* ("Motion for Contempt") and a declaration in support, which asserted various ethical and procedural violations against Beutler. On February 12, 2025, the Bankruptcy Court conducted a hearing on the Motion to Withdraw at which Beutler, Appellant, and counsel for the chapter 13 trustee appeared.

At the hearing, the Bankruptcy Court granted the Motion to Withdraw based on the representations made by parties and, to the extent the Motion for Contempt was treated as an objection, overruled that objection. Appellant then clarified the Motion for Contempt was also a motion to strike the Motion to Withdraw, and the Bankruptcy Court then denied any request to strike. Subsequently, the Bankruptcy Court entered a minute order granting the Motion to Withdraw for the reasons stated on the record. On February 18, 2025, Appellant refiled his Motion for Contempt, declaration, and proposed order.[4] On February

---

[3] Motion to Withdraw at 1, *in* Appellee's App. at 8.
[4] Bankr. Dkt. ECF No. 47.

20, 2025, the Bankruptcy Court entered an order granting the Motion to Withdraw (the "Order Granting Motion to Withdraw"),[5] which Appellant appealed on February 24, 2025.

## I.     Jurisdiction

The BAP has jurisdiction to hear timely filed appeals from "final judgments, orders, and decrees" of bankruptcy courts within the Tenth Circuit, unless a party elects to have the district court hear the appeal.[6] No party elected to have the district court hear the appeal. Appellant timely filed a notice of appeal from the Order Granting Motion to Withdraw, which is a final order.[7] Thus, the BAP has jurisdiction over this appeal.

## II.     Issues on Appeal and Standard of Review

Appellant identifies three issues on appeal.[8] In short, Appellant argues the Bankruptcy Court denied him due process, engaged in judicial misconduct, and erred by

---

[5] Bankr. Dkt. ECF No. 50.

[6] 28 U.S.C. § 158(a)(1), (b)(1), and (c)(1); Fed. R. Bankr. P. 8003, 8005.

[7] *In re Durability, Inc.*, 893 F.2d 264, 265–66 (10th Cir. 1990) ("[A]n order is final if it ends the litigation on the merits. . . . [T]he appropriate 'judicial unit' for application of these finality requirements in bankruptcy is not the overall case, but rather the . . . discrete controversy pursued within the broader framework cast by the petition."). Here, the Order Granting Motion to Withdraw ends the litigation on the merits over whether the attorney can withdraw and disposes of that discrete controversy.

[8] "1. The Court violated Rusk's constitutional right to due process and equal protection. 2. The Court violated the rules by labeling Rusk's combined motion to strike as an objection. 3. The court violated statutory authority 28USC351(a)." Appellant's Br. at 5. Appellant raises many additional arguments and issues in his brief. As just one example of many, Appellant cites the takings clause of the Fifth Amendment, but the argument is not developed, and no facts are given to support any error by the Bankruptcy Court regarding the same. *See* Appellant Br. at 24. This Court has given due consideration to Appellant's briefing of his appeal, and the many additional arguments and issues he raised therein were either considered but are not sufficiently developed and

treating the Motion for Contempt as an objection to the Motion to Withdraw. Appellant

does not present arguments explicitly challenging the Bankruptcy Court's grant of the

Motion to Withdraw or the Bankruptcy Court's denial of his request to strike the Motion

to Withdraw. Rather, Appellant takes issue with the Bankruptcy Court's failure to rule on

the Motion for Contempt.[9]

Bankruptcy Court's "procedural and evidentiary rulings" are reviewed for abuse of

discretion.[10] A clear example of an abuse of discretion exists where the trial court

"commits a legal error or relies on clearly erroneous factual findings."[11] Questions of law

are reviewed *de novo.*[12]

---

are denied on that basis, or are denied for the same reasons this Court denies the
arguments and issues addressed in this Opinion.

[9] "Petitioner seeks an order of this court to reverse and remand the inferior courts
order on Rusk's combined motion to strike and for contempt, sanctions against Derek
Butler [sic], as well as for granting Rusk a hardship discharge in this action." Appellant's
Br. at 26.

[10] *In re Kleinhans*, 438 B.R. 355, 2010 WL 1221751, at *3 (10th Cir. BAP March
30, 2010) (unpublished). *See also Franklin Am. Mortg. Co. v. Univ. Nat'l Bank of
Lawrence*, 910 F.3d 270, 283 n.6 (6th Cir. 1998) ("We review denials of motions to strike
under an abuse of discretion standard.").

[11] *Cruz v. Farmers Ins. Exch.*, 42 F.4th 1205, 1210 (10th Cir. 2022). *See also
Jackson v. Los Lunas Cmty. Program*, 880 F.3d 1176, 1191 (10th Cir. 2018) ("'A clear
example of an abuse of discretion exists where the trial court fails to consider the
applicable legal standard or the facts upon which the exercise of its discretionary
judgment is based.'") (quoting *Ohlander v. Larson*, 114 F.3d 1531, 1537 (10th Cir.
1997)).

[12] *In re Eufaula Indus. Auth.*, 266 B.R. 483, 487 (10th Cir. BAP 2001).

### III.    Discussion

####    a.    Did the Bankruptcy Court err in failing to rule on the Motion for Contempt?

Whenever there is an actual dispute before the bankruptcy court, other than an adversary proceeding, the litigation to resolve that dispute is considered a contested matter.[13] For example, the filing of a motion to withdraw as counsel creates a dispute, which is a contested matter. Federal Rule of Bankruptcy Procedure 9014[14] governs contested matters and Utah Local Bankruptcy Rule 9013-1 governs the filing of motions in the Bankruptcy Court for the District of Utah.[15]

Rule 9014(b) requires that motions "must be served . . . in the manner for serving a summons and complaint provided by Rule 7004." Additionally, Rule 9014(a) requires "reasonable notice and an opportunity to be heard must be given to the party against

---

[13] Fed. R. Bankr. P. 9014, 1983 Advisory Committee Notes.

[14] Unless otherwise noted, all references to "Section," "§," "Bankruptcy Code," and "Code" refer to the U.S. Bankruptcy Code, 11 U.S.C. § 101, et seq. and all references to the "Rules" refer to the Federal Rules of Bankruptcy Procedure.

[15] Courts have "broad discretion in adopting rules to promote efficiency in the court and the rules bind litigants until changed." *In re Rivermeadows Associates, Ltd.*, 205 B.R. 264, 268 (10th Cir. BAP (1997). Further, courts have "inherent authority" to enforce their own rules. *Id. See also* DUCivR 83-6.4 ("Under Fed. R. Civ. P. 83 and Fed. R. Bank. P. 9029, the United States District Court for the District of Utah authorizes the United States Bankruptcy Court for the District of Utah to adopt rules of practice[.]"); Fed. R. Bankr. P. 9029 ("Each district court . . . may make and amend rules governing practice and procedure in all cases and proceedings within its bankruptcy jurisdiction. . . . A district court may . . . authorize the district's bankruptcy judges to make and amend local bankruptcy rules."); *Mitchell v. Maynard*, 80 F.3d 1433, 1447 (10th Cir. 1996) ("The [bankruptcy] court is entitled to considerable deference in its interpretation and application of its own rules of practice and procedure.").

whom relief is sought." Rule 9014(e) also requires that courts "provide procedures that allow parties—at a reasonable time before a scheduled hearing—to determine whether it will be an evidentiary hearing at which witnesses may testify."

Utah Local Bankruptcy Rule 9013-1(d)[16] provides that "[t]he movant shall obtain and set an appropriate hearing date with the court scheduling clerk. A Notice of Motion and Notice of Hearing shall be filed in original form only together with a certificate of service evidencing compliance with the applicable service requirements." A Notice of Motion and Notice of Hearing shall

> (1) be in substantial conformity with Local Bankruptcy Form 9013-1, Notice of Motion and Notice of Hearing with alterations as may be appropriate to comply with these Local Rules;
> (2) contain a specific statement of the relief requested or action intended in sufficient detail to meaningfully inform the parties of the intended action or relief requested or, if the motion is served with the notice, refer to the motion to describe the relief requested;
> (3) set the last date on which an interested party may file an objection to the motion. The identified date must be based on the time period fixed by the Federal Rules of Bankruptcy Procedure or by Local Rule 9006-1(b), as appropriate;
> (4) include a statement that the hearing may be stricken and relief requested may be granted without a hearing unless an objection is timely filed;
> (5) include a statement that the objecting party must attend the hearing and that failure to attend the hearing will be deemed a waiver or the objection; and
> (6) be served by the movant on the case trustee, debtor, debtor-in-possession, those entities specified in these rules or the Federal Rules of Bankruptcy Procedure, and other parties the court may direct.[17]

---

[16] Utah Local Bankruptcy Rule 9013-1 applies whenever the movant seeks an order from or determination by the bankruptcy court and the movant believes the motion will be opposed. Bankr. D. Ut. LBR 9013-1(b).

[17] Bankr. D. Ut. LBR 9013-1(d).

6

In other words, a motion must be accompanied by a notice that substantially conforms to Local Form 9013-1, clearly states the relief requested or references the accompanying motion, specifies the objection deadline, and warns that the hearing may be stricken and relief granted if no timely objection is filed.

Here, the record reflects Appellant failed to comply with the above-referenced rules with respect to the Motion for Contempt. Specifically, he failed to provide notice using the form of notice in substantial conformity with L.B.F. 9013-1 and failed to serve the Motion for Contempt in the manner for serving a summons and complaint provided by Rule 7004. Thus, there is no error in the Bankruptcy Court's determination that the matters in the Motion for Contempt were not before the Bankruptcy Court at the February 12, 2025 hearing. To the extent Appellant seeks "reversal" of the Bankruptcy Court's "order" on the Motion for Contempt, there is no such order; the Bankruptcy Court has not ruled on the Motion for Contempt.[18] Thus, that requested relief is beyond the scope of this appeal.

> **b.    Did the Bankruptcy Court err in denying Appellant's request to strike the Motion to Withdraw?**

Federal Rule of Civil Procedure 12(f), made applicable to adversary proceedings pursuant to Rule 7012(b), allows a court to "strike from a pleading . . . any redundant,

---

[18] Appellant also cites 28 U.S.C. § 1927, which permits a court to sanction vexatious litigation behavior, *see* Appellant's Br. at 23-24, and his reply brief asks for "sanctions against Derek B[e]utler." Appellant's Reply Br. at 2. It appears Appellant is seeking sanctions concerning Beutler's actions in the Bankruptcy Court, which is not the subject of this appeal, but to the extent he is seeking sanctions for Beutler's actions in this Court, the Court finds no merit in the request and denies the same.

7

immaterial, impertinent, or scandalous matter." Although Rule 7012 does not appear applicable to contested matters,[19] the standards applicable to such motions to strike offer guidance here. Motions to strike "are not favored, often being considered purely cosmetic or 'time wasters.'"[20] The court possesses considerable discretion in disposing of a motion to strike.[21] Further, "there appears to be general judicial agreement . . . that they should be denied unless the challenged allegations have no possible relation or logical connection to the subject matter of the controversy and may cause some form of significant prejudice to one or more of the parties to the action."[22]

To the extent this issue is raised at all on appeal, it is inadequately briefed, and thus, we consider the issue forfeited.[23] Even if the Court were to consider this issue, there is no abuse of discretion in the Bankruptcy Court's denial of the request to strike the Motion to Withdraw. Appellant did not present any legal authority or factual support to the Bankruptcy Court—either in his pleadings or at the hearing—to justify striking the Motion to Withdraw. Likewise, his appellate briefing presents no argument or evidence

---

[19] *See* Rule 9014(c) ("[T]he following rules apply in a contested matter: 7009, 7017, 7021, 7025 – 7026, 7028 – 7037, 7041 – 7042, 7052, 7054 – 7056, 7064, 7069, and 7071.")

[20] *Estate of Anderson v. Denny's Inc.*, 291 F.R.D. 622, 630 (D.N.M. 2013) (quoting 5C C. Wright & A. Miller, Federal Practice & Procedure § 1382, at 433–36 (3d. ed. 2004)).

[21] § 1382 Motion to Strike—Redundant, Immaterial, Impertinent, or Scandalous Matter, 5C Fed. Prac. & Proc. Civ. § 1382 (3d ed.).

[22] *Id.*

[23] The omission of an issue in an opening brief generally forfeits appellate consideration of that issue. *See Wyoming v. Livingston*, 443 F.3d 1211, 1216 (10th Cir. 2006).

to indicate the Bankruptcy Court's decision to deny his request to strike was an abuse of discretion.

### c.    Did the Bankruptcy Court err in treating the Motion for Contempt as an objection to the Motion to Withdraw?

Like Utah Local Bankruptcy Rule 9013-1 addressed above, Utah Local Bankruptcy Rule 9013-2(d)[24] requires that notice of a motion include the deadline to file an objection and a warning that the relief requested may be granted without a hearing unless an objection is timely filed. Pursuant to Utah Local Bankruptcy Rule 9013-2(e), "[a]ny party opposing the motion must file an Objection before the date set forth in the Notice of Motion and Notice of Opportunity for Hearing." Additionally, Utah Local Bankruptcy Rule 9013-1(f) provides that "the court may . . . grant the relief requested in a motion without a hearing if there has been no opposition to the motion filed or served on the movant."

Here, Beutler filed a notice as required by Utah Local Bankruptcy Rule 9013-2(d). This notice required that any objections to the Motion to Withdraw be filed on or before February 11, 2025. Appellant failed to file any document titled "Objection" on or before this deadline. He did, however, file the Motion for Contempt and related declaration. Subsequently, the Bankruptcy Court treated the Motion for Contempt and declaration as

---

[24] Utah Local Bankruptcy Rule 9013-2 applies whenever the Code or the Rules "provide that an order may be entered or an action may be taken after 'notice and a hearing,' or a similar phrase, if the movant believes there will be no objections to the motion." Bankr. D. Ut. LBR 9013-2(b).

an objection (i.e., a filing in opposition to the Motion to Withdraw).[25] By construing Appellant's pleading as an objection, the Bankruptcy Court afforded Appellant the opportunity for a hearing on the Motion to Withdraw. Under the Utah Local Bankruptcy Rules, the Bankruptcy Court could have granted the requested relief without a hearing if it determined that no objection had been filed. Appellant obviously misconstrues the significance of treating the Motion for Contempt as an objection. It appears he believes the Bankruptcy Court did not rule on the merits of the Motion for Contempt because the Bankruptcy Court treated it as an objection. The record does not support this interpretation.

The Tenth Circuit has held that a liberal construction requirement applies to all proceedings involving pro se litigants. Based on the record, there is no abuse of discretion for the Bankruptcy Court to read the Motion for Contempt to be a pleading in opposition to the Motion to Withdraw. Thus, the Bankruptcy Court did not abuse its discretion in treating the Motion for Contempt as an objection and in conducting a hearing on the Motion to Withdraw at which Appellant was permitted to appear and argue.

---

[25] The Tenth Circuit has held "that liberal construction of pro se pleadings 'means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements.'" *U.S. v. $9,020.00 In U.S. Currency*, 30 Fed. Appx. 855, 858 (10th Cir. 2002) (quoting *Hall v. Bellmon*, 935 F.2d 1106, 1110 n.3 (10th Cir.1991) (noting that the liberal construction requirement applies to all proceedings involving pro se litigants)).

> **d.    Did the Bankruptcy Court err in granting the Motion to Withdraw?**

The Bankruptcy Court for the District of Utah has also adopted a local rule which addresses attorney withdrawal. This "rule is intended to ensure that the attorney's client is informed of the status of the case, the need to obtain new counsel or proceed *pro se*."[26] In order to withdraw and leave a party without representation, an attorney must file a

> motion to withdraw as counsel in the form prescribed by Local Form 2091-2 that includes (i) the last known contact information of the moving attorney's client(s), (ii) the reasons for withdrawal, (iii) notice that if the motion is granted and no notice of substitution of counsel is filed, the client must file a notice of appearance within 21 days after entry of the order, unless otherwise ordered by the court, (iv) notice that pursuant to Local Rule 9011-2(a), no corporation, association, partnership, limited liability company or other artificial entity may appear pro se, but must be represented by an attorney who is admitted to practice in this court, and (v) certification by the moving attorney that the motion was sent to the moving attorney's client and all parties.[27]

If the moving attorney has not obtained the written consent of the client, the motion must contain (i) a certification that the client has been served with a copy of the motion to withdraw as counsel; (ii) a description of the status of the case including the dates and times of any scheduled court proceedings, requirements under any existing court orders, and any possibility of sanctions.

Additionally, the Utah Rules of Professional Conduct provide that a lawyer may withdraw from representing a client if,

> (1) withdrawal can be accomplished without material adverse effect on the interests of the client;

---

[26] Bankr. D. Ut. LBR 2091-2(b), Comment (2014).
[27] Bankr. D. Ut. LBR 2091-2(b)(1)(A).

11

(2) the client persists in a course of action involving the lawyer's services that the lawyer reasonably believes is criminal or fraudulent;
(3) the client has used the lawyer's services to perpetrate a crime or fraud;
(4) the client insists upon taking action that the lawyer considers repugnant or with which the lawyer has a fundamental disagreement;
(5) the client fails substantially to fulfill an obligation to the lawyer regarding the lawyer's services and has been given reasonable warning that the lawyer will withdraw unless the obligation is fulfilled;
(6) the representation will result in an unreasonable financial burden on the lawyer or has been rendered unreasonably difficult by the client; or
(7) other good cause for withdrawal exists.[28]

Thus, an attorney can withdraw when (1) "withdrawal can be accomplished without material adverse effect on the interests of the client" and (2) for good cause notwithstanding an adverse material effect on the client.[29] While there does not appear to be any Tenth Circuit or Utah authority defining "material adverse effect" in the context of this rule, at least one authority has noted that "[i]f an objective person would conclude that withdrawal would not have a material effect on your client," then there is no material adverse effect.[30] There also does not appear to be any Tenth Circuit or Utah authority addressing what constitutes other good cause for terminating representation. Other courts have addressed this issue and found good cause exists when there is antagonism between a lawyer and client and determined that an attorney has good cause for withdrawal when there has been a total breakdown of the attorney-client relationship.[31]

---

[28] UT R RPC 1.16(b).

[29] *Id.*

[30] Keith A. Call, *Irreconcilable Differences: When Can A Lawyer Terminate Representation Without Cause?*, 30 UTAH BAR J. 32 (2017).

[31] *Strobel v. Rusch*, No. CIV11800656RBJFR, 2020 WL 7318013, at *2 (D.N.M. Dec. 11, 2020) (unpublished); *White v. BAC Home Loans Servicing, LP*, No. 309-CV-2484-G, 2010 WL 2473833, at *2 (N.D. Tex. June 15, 2010) (unpublished) (citing A.B.A. Model Rules of Prof'l Conduct R. 1.16) (internal quotations omitted). *See also,*

Here, the Motion to Withdraw complies with Utah Bankruptcy Local Rule 2092-2 and the withdrawal appears in line with the Utah Rules of Professional Conduct. Based on the "breakdown in communication" referenced by Beutler and Appellant's failure to present any persuasive arguments in opposition to the Motion to Withdraw, the record supports good cause for the Bankruptcy Court to grant to the Motion to Withdraw. Additionally, Appellant provided no arguments to the Bankruptcy Court or this Court as to any adverse material effects to him because of Beutler's withdrawal. Appellant's argument regarding the loss of his First Amendment rights is nonsensical and unpersuasive. Thus, the Bankruptcy Court did not abuse its discretion in granting the Motion to Withdraw.

---

*e.g.*, *Lewis v. Haskell Slaughter Young & Rediker, LLC*, 582 Fed. Appx. 810, 814 (11th Cir. Sept. 11, 2014) (unpublished) (cause to withdraw where client called attorney "clueless" and no longer trusted or accepted attorney's professional decisions); *Njema v. Wells Fargo Bank, N.A.*, No. CV 13-519 (PJS/JSM), 2015 WL 12977504, **3–4 (D. Minn. Oct. 9, 2015) (unpublished) (finding cause when the representation was "unreasonably difficult" after the client threatened his lawyer with a malpractice action and an ethics complaint and refused to meet with the lawyer); *Gold's Gym Licensing, LLC v. K-Pro Mktg. Grp., Inc.*, 2009 WL 3520858, at *3 (D. Minn. Oct. 26, 2009) ("We have, in the past, found that good cause exists . . . where a degree of fractiousness, between the client and counsel, has developed which inhibits 'the just, speedy, and inexpensive determination of [the] action.'") (quoting Fed. R. Civ. P. 1); *In re Admonition Issued in Panel File No. 94-24*, 533 N.W. 2d 852, 853 (Minn. 1995) (noting it may be in client's best interest to sever relationship if attorney believes client has no confidence in the representation); *Holmes v. Y.J.A. Realty Corp.*, 128 A.D.2d 482 (N.Y. App. Div. 1987) (cause for withdrawal has been found where counsel has been the object of hostile conduct by the client); *Kolomick v. Kolomick*, 133 A.D.2d 69 (N.Y. App. Div. 1987) (cause to withdraw found where the attorney-client relationship has become unproductive); *Hunkins v. Lake Placid Vacation Corp.*, 120 A.D.2d 199 (N.Y. App. Div. 1986) (cause to withdraw found where there has been a breach of trust on the part of the client or a challenge to the attorney's loyalty).

e.      **Did the Bankruptcy Court violate Appellant's constitutional rights or engage in judicial misconduct?**

Appellant argues the Bankruptcy Court violated his due process and equal protection rights. Specifically, Appellant alleges the Bankruptcy Court's reclassification of the Motion for Contempt as an objection deprived him of the opportunity to respond, constituting a denial of procedural due process.[32] Additionally, Appellant contends the Bankruptcy Court's conduct meets the standard for judicial misconduct under 28 U.S.C. § 351(a) because of the Bankruptcy Court's bias and its misapplication of court rules (e.g., Fed. R. Civ. P. 12(f), 7-1(b)(1)(A)).[33]

Appellant's arguments are not persuasive. First, procedural due process guarantees notice and an opportunity to be heard,[34] not immunity from adverse procedural rulings or judicial discretion in case management. The Bankruptcy Court's decision to treat the Motion for Contempt as an objection falls within the Bankruptcy Court's discretion.[35] Furthermore, this decision gave Appellant a meaningful opportunity to be heard rather than denying such opportunity. Additionally, equal protection claims require a showing

---

[32] Appellant's Br. at 22.

[33] *Id*. at 21–22.

[34] *Johnson v. Bd. of Cty. Com'n of Butler Cty.*, No. 09–1221–EFM, 2011 WL 765864, at *3 (D. Kan. Feb. 11, 2011) (unpublished) (citing *Cleveland v. Bd. of Educ. v. Loudermill*, 470 U.S. 532, 546 (1985); *Santana v. City of Tulsa*, 359 F.3d 1241, 1244 (10th Cir. 2004) (The fundamental protections provided by procedural due process are notice and an opportunity to be heard and "meaningfully participate.").

[35] *Dietz v. Bouldin*, 579 U.S. 40, 47 (2016) ("courts have the inherent authority to manage their dockets and courtrooms with a view toward the efficient and expedient resolution of cases").

of discriminatory intent or unequal treatment,[36] which Appellant does not plausibly allege or substantiate here. Finally, Appellant fails to demonstrate judicial misconduct under 28 U.S.C. § 351(a), which requires a showing of conduct that is "prejudicial to the effective and expeditious administration of the business of the courts," and Appellant fails to follow the proper procedure under this section for filing a judicial misconduct complaint.[37] The record does not support Appellant's allegations and reflects no bias, no improper application of the Federal Rules of Civil Procedure, Federal Rules of Bankruptcy Procedure, nor any other conduct by the Bankruptcy Court that would support a claim of judicial misconduct or violation of Appellant's constitutional rights.

## V.     Conclusion

For the reasons stated above, the Court AFFIRMS the Bankruptcy Court.

---

[36] *SECSYS, LLC v. Vigil*, 666 F.3d 678, 685 (10th Cir. 2012) ("First, we ask whether the challenged state action intentionally discriminates between groups of persons."); *Carpenter v. Vilsack*, No. 22-8079, No. 23-1122, 2023 WL 6810960, at *5 (10th Cir. Oct. 16, 2023) (unpublished) ("In the equal protection context, an injury in fact occurs when actual unequal treatment occurs.").

[37] Under 28 U.S.C. § 351(a), any person alleging a judge has "engaged in conduct prejudicial to the effective and expeditious administration of the business of the courts . . . may file with the clerk of the court of appeals for the circuit a written complaint containing a brief statement of the facts constituting such conduct."

15